## Straub v. Wooten, et. al.

ATTACHMENT.    *Goods of third party seized.    Damages.*

Under an attachment of A against B the officer seized goods of C and returned an inventory and appraisement of them.    The goods were sold under an interlocutory order of the court, and afterwards the attachment was dissolved and the proceeds of the sale, less cost, were returned to C.    He then sued the surety in the attachment bond for damages.    `HELD, That` as he was not a party to the suit nor estopped by his acceptance of the proceeds paid to him, he was not bound by the officer's return as to the amount or value of the goods, but should recover the true value of all the goods actually taken, less the amount of the proceeds paid to him.

APPEAL from *Phillips* Circuit Court.

Hon. *M. T. Sanders*, Circuit Judge.

*Tappan & Horner* for Appellant.

The Circuit Court erred in permitting plaintiffs to introduce testimony controverting the return of the marshal as to the articles attached, and showing that he attached goods not embraced in his return, and in refusing the 2d and 3d instructions for defendant.    The liability of defendant is based upon the bond given under *Sec. 403, Gantt's Dig.*    The bond recited that an inventory of the goods attached appeared with the marshal's return, and that the bondsmen were liable for the damages that would accrue from the taking of the goods.    The return of the marshal is evidence of the facts stated, and is conclusive.    *17 Mass., 600; 10 Id., 313; 11 Id., 163; Drake on Att., Sec. 210; 3 Mass., 513; 13 Sarg. & R., 60.*

Plaintiffs made themselves parties to the suit in the U. S. court by receiving the proceeds, and are bound by the action of the court.    They should have excepted to the return of the

marshal if not correct, and not having done so they are estopped from charging further liability upon the parties who signed the bond than is shown by the writ of attachment and the return of the marshal.

*Thweatt & Powell* for Appellees.

Appellees were never parties to the suit in the U. S. Court; they never appeared, nor were they brought in by order of court, the only way they could be made parties. *Chap. 107, Gantt's Dig.*

But if they had been parties, the return of the marshal as to the valuation of the goods was not conclusive, or even evidence at all. *Drake on Att., Secs. 206 and 209.* They are not bound by the amount the goods sold for, but are entitled to their full value with interest. *38 Am. Dec., 509; 43 Ib., 263, and notes, p. 264.*

The court properly instructed the jury as to the measure of damages. *29 Ark., 448; 39 Ib., 387.*

EAKIN, J. There was a suit pending in the U. S. District Court, sitting at Helena, by the firm of *T. L. Airey & Co. v. C. Wooten & Co.* An attachment issued in that case was levied upon a stock of merchandise, which was claimed by another and different firm from that of C. Wooten & Co., being the firm of Wooten & Sullivan, composed of the plaintiffs in this case, Alice Wooten and J. A. Sullivan. Upon claim being made, and the plaintiffs in the former action declining to indemnify the marshal, he released the goods to the claimants, Wooten & Sullivan, and made a return of his proceedings accompanied with an inventory and appraisement for the goods, amounting to $1,311.08.

Afterwards, Airey & Co. made application to the District Judge and obtained from him an order on the marshal to retake the goods, if the plaintiffs should execute a bond in accordance with *Sec. 403 of Gantt's Digest.* A bond was thereupon executed by Airey & Co., J. T. Airey and N. Straub, undertaking that Airey & Co. should pay to Sullivan and Mrs. Alice Wooten the damages which they might sustain by reason of the attachment, " if the order therefor is wrongfully sued out." This bond recites that the goods had been seized in an attachment as the property of C. Wooten & Co., that an inventory of them had been filed in the cause, and that they had been appraised at $1,400.

The marshal executed the order of the court by retaking such of the goods as he could find, exhibiting with his return an inventory and appraisement of the goods retaken, amounting to $922.64, and also a list with the valuation of he goods, which could not be found, amounting to $428.49. The goods were sold and the money brought into court. Afterwards the attachment was dissolved and by order of the court the net value of the proceeds amounting to $691.36, was paid over to Wooten & Sullivan. The present plaintiffs were not parties to the former suit unless the acceptance of this fund made them so.

The plaintiffs, Alice Wooten and Sullivan, brought this suit in the state court against the sureties, Straub and J. T. Airey, and upon a trial by jury recovered a verdict and judgment against Straub for $1,232.16. Motion for a new trial was overruled, and defendants, having filed exceptions, appealed. Airey was not served.

No distinct issues of fact were made by the answer. It is directed, principally, to diminish the amount of the recovery, by contending that the defendant, as surety, was liable only for the goods actually taken by the marshal, at the value fixed

Straub v. Wooten, et al.

upon them by his appraisement, after deducting amount paid over to plaintiffs by order of the court.

There is proof tending to show, and sufficiently strong to sustain the verdict, that the value of the goods, actually taken by the marshal, amounted to about $1,745.05, of which $691 was repaid by order of the court. Calculating interest at 6 per cent., and allowing the credit, the amount of the verdict upon these data is not excessive. We will not attempt to weigh the conflicting evidence as to value.

On behalf of the defendant the court instructed the jury that the measure of damages, if any, which the plaintiffs were entitled to recovery, was the actual value of the goods taken by the marshal at the time he was ordered to retake possession, and that such value was to be determined by the evidence. Further, that the burden of proof was on the plaintiffs to maintain their cause by a preponderance of evidence as to the quantity and value of the goods taken; and that the cost price of goods was only one means of ascertaining value; that to constitute it a reasonable measure of value the plaintiffs should show that they purchased the goods at their usual and reasonable market value. The court of its own motion directed the jury that the measure of damages was the actual value in money of the goods attached, at the time and place they were taken by the marshal, with interest thereon at 6 per cent.

1. ATTACH-
MENT:
Goods of third
party seized.
Damages.

Two instructions, however, asked by defendant were refused. One was to the effect that the marshal's return upon the order by the judge, giving a description of the goods taken by him, was conclusive upon the plaintiffs in this action "as to the specific goods taken," but the value of the goods was to be ascertained from the testimony. The other was, that although plaintiffs did not actually appear in the attachment case, yet if they afterwards accepted the proceeds adjudged to them, they were as much bound by the proceedings in the cause as if they

had been made formal parties. The refusal of these two in-structions is included in the grounds of the motion for a new trial.

Alice Wooten and Sullivan were not parties to the original suit. Their property was taken out of their hands without warrant of law, by strangers. They gave no forthcoming bond requiring them to await the action of the court and render the property in execution. They asserted their ownership to the marshal for his information, that he might avoid making himself a trespasser. The court, however, ordered him to proceed, if the plaintiffs in that case would take the responsibility of sus-taining the consequences, and give sureties therefor. This could not put the owners of the property in the position of being concluded by anything the marshal would do or say prejudicial to their rights. They might rest passively upon them whatever they might be; and if the marshal should take more and different goods than he saw fit to report, it would be none the less damage which they might sustain from the im-proper attachment, and which those who gave the bond had thus put in his power, under the order of the court, to inflict. And then, when the damage was done, and a part of the pro-ceeds of sale, after retaining costs for which they were not liable, was voluntarily turned back to them out of court, it would have been hard measure if they could not receive their own, without being concluded by all that had been done against them *in invitum*. They might receive them *pro tanto* in dimi-nution of damages. We do not think the court erred in refusing the instructions. Those actually given embodied the law, ap-plicable to the facts.

We find nothing else in the motion for a new trial, not settled as correct by what has already been said.

Affirm the judgment.