Clark County v. Calloway.

sureties would be. *Binmore on Sheriffs, sec. 80, p. 46; Wells on Replevin, sec. 595; 11 Eng. C. L. Rep., 464 (5 Barn. & Cr., *p. 285.*

2. If a Sheriff, in executing an order of delivery, takes a bond signed only by the plaintiff in replevin, he is a trespasser, and liable for the property, if lost to the defendant. *Mansf. Dig., sec. 5575; Wells on Replevin, sec. 390; 20 Me., 93; 55 id., 362; 5 Ark., 110; 5 id., 81; 10 id., 89; 14 id., 266; 3 Wisc., 407; 5 id., 219; 42 Miss., 732; 6 Wend., N.Y., 547; 18 id., 521; Benmore on Sheriffs, sec. 80; Wells on Replevin, sec. 391, 388, 410 and notes.*

*REPLEVIN: Plaintiff's bond.*

## CLARK COUNTY V. CALLOWAY.

CORONER'S INQUEST: *When to be held.*

The statute [*Mansf. Dig., sec. 692*] requires no inquisition on the body of a person dying from apoplexy or other disease. And it is not the duty of the Coroner to inquire of sudden deaths unless he has reasonable ground for believing that they have resulted from violent or unnatural causes.

2. SAME: *Claim for expenses of.*

    It is the province of the County Court to determine whether a Coroner's inquest: was one for the expenses of which the county is liable. And a claim for such. expenses should be rejected where it does not appear that any ground existed for suspecting that the death inquired of was not a natural one.

APPEAL from *Clark* Circuit Court.

R. D. HEARN, Judge.

Calloway presented to the County Court of Clark County for allowance, a fee bill for services rendered by him as Coro-- ner in holding an inquest on the body of William Rooks. The County Court disallowed the claim, and the plaintiff appealed to the Circuit Court, where the cause was tried by the court sitting as a jury. The plaintiff testified that he was notified of the death of Rooks by Dan Hardy, and that the latter's state- ment to him in giving such notice was substantially the same as his testimony in this case; that the verdict of the jury on the inquisition was that the deceased came to his death by apoplexy, and that he died within twenty or thirty steps of his. house. Hardy's testimony at the inquest was read by consent, and is as follows : "Myself and Wm. Rooks were sawing wood this morning, and he, Rooks, was complaining, and we stopped sawing, and Rooks straitened by the fence and took a fit, and fell down and died in about three minutes. He did not com- plain before we began to saw."

The wife of the deceased testified that he had been in bad health for two or three years, and had "complained of a pain in his heart, and had smothering spells."

Other witnesses testified that they saw the deceased lying on the ground where he fell, as if he had fainted, and that he died there in a very short time. They also stated that his health had not been good. Upon this testimony in substance the claim was allowed, and the county appealed.

Section 692 Mansf. Dig. is as follows:

"If any person die in prison, or if any person be slain, or die an unnatural death, except by the sentence of the law, or·

Clark County v. Calloway.

if the dead body of any person be found, and the circumstances of the death be unknown, information shall be immediately given to the Coroner of the county."

Section 693 provides that the Coroner on receiving such information shall, without delay, summon a jury and hold an inquest. Section 3253 fixes the Coroner's fees, and provides that they "shall be paid out of the county treasury as other demands." Section 1413 provides that the County Court shall in all cases require an itemized account sworn to of any claim presented to it, and may in all cases require satisfactory evidence in addition thereto of the correctness of the accounts.

*Crawford & Crawford*, for appellant.

This was not a case for a Coroner's inquest. *Mansf. Dig.*, secs. *692, 693.* Nor a proper claim against the county. *Ib.*, secs. *3253, 1413.*

See *Hale's P. C., vol. 2, p. 57; 11 Am. L. Rev., p. 480, et seq.; 11 East., 229; 7 Ell. & Bl., 805; 100 Penn. St., 672; 32 Mo., 373; 82 Mo., 486.*

It was the province of the County Court to allow or disallow the claim, upon the facts, and protect the county from needless expense.

*Murry & Kinsworthy*, for appellant.

The Coroner must necessarily exercise, and the statute clearly vests in him, certain discretion, and so long as that discretion be not abused, and the Coroner has reasonable grounds for believing an inquest necessary, it is his duty to hold an inquest, and the county is bound to pay his fees. *Mansf. Dig.*, secs. *692–3.*

The Coroner, in this cause, exercised a reasonable discretion, and the court so found.

PER CURIAM. It is not necessary that an inquest should be held in the case of one dying with fever, apoplexy or other disease. It was not required by the common law (*2 Hale's Cr. Law, 57*), and is not demanded by the statute. *Mansf. Dig.*,

CORONER'S INQUEST. When to be held

*sec. 692.* It is not the duty of the Coroner to inquire of sudden deaths, unless there is reasonable ground to believe that they are the result of violence or unnatural means. The authority is to be exercised within the limits of a sound discretion, and when exercised, the presumption is that the Coroner has acted in good faith on sufficient cause. *Lancaster Co. v. Mishler, 100 Penn. St., 624.* As was said in the case cited: "The duty of a Coroner to hold an inquest rests on some reason, on that reason which is the life of the law. It is not a power to be exercised capriciously and arbitrarily against all reason. The object of an inquest is to seek information, and to obtain and secure evidence in case of death by violence or other undue means. If there is reasonable ground to suspect it was so caused, it becomes the duty of the Coroner to act. If he has no grounds for suspecting that the death was not a natural one, it is a perversion of the whole spirit of the law to compel the county to pay him for such services."

<span style="float:left">Claim for expenses.</span> It is the province of the County Court to determine whether the case is one for the expense of which the county is liable. *Lancaster Co. v. Mishler, supra; State v. Marshall, 82 Mo., 486.*

In this case there were no circumstanses tending to induce the belief that there was any unnatural cause conducing to the death.

Reverse and remand.