## ROLFE *v.* SPYBUCK DRAINAGE DISTRICT NO. 1.

### Opinion delivered November 13, 1911.

1. MANDAMUS—WHEN LIES.—Mandamus lies only where other remedies fail and there is a clear legal right; it will not lie to control or review matters of judicial discretion, but only to compel the exercise of such discretion.   (Page 31.)

2. SAME—COMPELLING COURT TO ACT.—Before a county court can be compelled by mandamus to act upon a claim against the county, it must be shown that the claim was duly presented to the county court for allowance, and that the court declined or refused to act.   (Page 32.)

3. COUNTIES—JUDGMENT—DRAINAGE ASSESSMENT IS NOT.—An assessment of the benefits received by the public roads in a drainage district, made by viewers and approved by the county court, is not a judgment against the county, but is the basis of a claim against the county, which may be enforced by presentation to the county court for allowance.   (Page 33.)

Appeal from St. Francis Circuit Court; *J. S. Thomas,* Special Judge; reversed.

*Carmichael, Brooks & Powers,* for appellant.

The county court is vested with exclusive original jurisdiction to "audit, settle and direct the payment of all demands against the county."   Art. 28, section 7, Const. 1874; Kirby's Digest, § 1375.   The use of the word "audit," both in the Constitution and the statute, plainly implies judicial discretion, and in its nature requires the exercise of judgment. 1 Words & Phrases, 641.   Since such discretion and judgment is necessary in the auditing of an account, the writ of mandamus will not lie.   44 Ark. 230; 65 Ark. 164; 34 Ark. 394.

*Norton & Hughes* and *S. H. Mann,* for appellee.

It was clearly the duty of the county court to pay such portion of the benefits to the public roads as was received by them.   Kirby's Digest, § 1427.   When the viewers appointed pursuant to section 1420, *Id.,* reported the amount of benefits to all lots, lands and *public roads,* the county court approved the report and fixed the charge against the property of the in-

dividuals and also against the public roads. The charge against the county thereby became fixed, and was merged into a judgment of the county court. His judgment was conclusive, and not subject to review by the same court after the expiration of the term. 33 Ark. 452; 52 Ark. 316; 53 Ark. 110. Nothing remained but to pay the assessment, and the issuance of a warrant was not such an act as called for the exercise of judicial discretion, but was merely ministerial.

FRAUENTHAL, J. This was a proceeding by mandamus, instituted by the Spybuck Drainage District No. 1, seeking a judgment to compel E. A. Rolfe as county judge of St. Francis County to order the clerk of said county to issue a warrant for the payment of certain assessments made for the benefits accruing to the public roads of said county by the construction of a ditch in said drainage district. The complaint alleged in effect that the said drainage district was constituted and established by the county court of St. Francis County under and in pursuance of section 1414 *et seq.* of Kirby's Digest, for the purpose of constructing a ditch within the territory described in the drainage district. All steps appear to have been taken for the establishment of said district and making the assessment of the benefits. Viewers were duly appointed by said county court, and, in compliance with the orders of said court, they assessed all the land in said district benefited by the improvement in proportion to the benefits thereby received. They assessed the amount of the benefits received by the public roads located within said district, and apportioned the cost of the drain according to said assessed benefits. The amount of the benefits thus received by said public roads in the district was assessed at $844.75. The viewers made report of said assessment to the county court. After due notice, the court found that said report was fair and just as to the benefits therein assessed, and approved and confirmed same. It was further provided in the said order of the county court that said benefits should be paid in installments of one-fifth each year, and that the deferred payments should bear interest at the rate of six per cent. per annum until paid.

The improvement was made and constructed in pursuance of said orders, and all assessments had been paid except those due from the county of St. Francis for the benefits ac-

cruing to said public roads.   A statement of the amount thus due from St. Francis County for said benefits to said public roads was presented to the county court of said county, but said court disallowed same, and refused to make an order directing the clerk of the county to issue a warrant therefor.

It was further alleged that an appropriation for road purposes had been made by the levying court of said county at the time said drainage district was established, and that such appropriation had been made for each succeeding year.   Defendant filed a general demurrer to this complaint, which was overruled.   He thereupon made answer, in which, amongst other things, he denied that an appropriation to pay for said alleged assessment or for road purposes had been made at any time by the county court of said county, or that there had at any time been any funds available according to law out of which to pay said assessment.

Upon the trial of the cause, the circuit court adjudged "that E. A. Rolfe, as judge of the county courty of St. Francis County, be and he is hereby directed to make an order in the county court aforesaid directing the clerk of said court to issue a warrant in payment of the amount" of the assessment for the benefits received by the public roads in said district.

It is well settled that the remedy of mandamus will only be granted in unusual cases, where other remedies fail, and where there is a clear legal right thereto.   Mandamus will not lie to control or review the exercise of the discretion of judicial officers, but such remedy can only be invoked to compel such officers to exercise such discretion and act.   *Collins* v. *Hawkins,* 77 Ark. 101;  *Branch* v. *Winfield,* 80 Ark. 61;  *McBride* v. *Hon,* 82 Ark. 483;  *Maxey* v. *Coffin,* 94 Ark.  214;  *Garland  Power & Development Co.* v. *State,* 94 Ark. 422.

As a general rule, the party applying for a writ of mandamus must show a specific legal right to its issuance, and also the absence of any other legal remedy.   For it is a well settled principle that mandamus will not be allowed to take the place of or usurp the functions of an appeal.   *Automatic  Weighing Co.* v. *Carter,* 95 Ark. 118.

The questions in this case to be determined are whether the plaintiff showed that it had a clear legal right to this remedy which it has invoked, and whether it has or had any other ad-

equate remedy to obtain the relief sought. In order to settle these questions, it is necessary first to determine the nature of the assessment of the benefits which were made by the viewers of this drainage district when the same was approved by the county court of St. Francis County.

It is provided by our laws that the county court of each county shall have the exclusive original jurisdiction "to audit, settle and direct the payment of all demands against the county." Kirby's Digest, § 1375; Constitution of 1874, art. 7, § 28; Shaver v. Lawrence County, 44 Ark. 225; Hempstead County v. Graves, 44 Ark. 318; Chicot County v. Kruse, 47 Ark. 80; Clark County v. Calloway, 52 Ark. 361.

It is also provided by statute that "no moneys derived from a tax levy by the county court shall be paid out of the county treasury except on the order duly made by said court, while in session, and entered upon the records of its proceedings." Kirby's Digest, § 1451; Parsel v. Barnes, 25 Ark. 261. By section 1505 it is provided: "Every order of allowance made by a county court shall set forth the appropriation out of which the same is to be made."

If, therefore, the amount of said assessment for the benefits accruing to the public roads is only a claim against the county, then the county court of St. Francis County had the exclusive jurisdiction to pass upon it and to allow or disallow the same as in its discretion it deemed right and just. From such action of the county court an appeal would lie to the circuit court.

It is only where the county court refuses to act at all upon a claim that it can be compelled to do so by mandamus. Before such remedy can be obtained, it must be first shown that the claim was duly presented to the county court for allowance, and that such court declined or refused to act at all upon it. However, where a judgment has been recovered against a county, then the owner thereof has a clear right to its payment, which can only be obtained by a warrant upon the treasurer of the county. This warrant can only be issued by the clerk when an allowance therefor has been made by the county court and an order entered upon the records. Kirby's Digest, § 1459. It has therefore been held that a man-

damus will lie to compel the county court to make an order directing the issuance of warrants in payment of a judgment obtained against it. *St. Louis National Bank* v. *Marion County,* 72 Ark. 27; *Little Rock* v. *United States,* 103 Fed. 418.

The question then recurs: What was the nature of the assessment made for the benefits received by the public roads in the drainage district as reported by said viewers after such report was by the county court duly approved and confirmed? Was it a judgment, or only a claim against the county?

A judgment is defined by our statute to be "the final determination of the rights of the parties in an action." Kirby's Digest, § 6228. The rights of the parties are determined by a trial, which is defined to be "a judicial examination of the issues, whether of law or of fact." Kirby's Digest, § 6169.

Now, the establishment of a drainage district in pursuance of section 1414 *et seq.* of Kirby's Digest is in effect the organization of an improvement district for the purpose of constructing a ditch in the territory embraced by the district. The cost of the improvement is paid by assessments made against the lands and public and private roads located therein, according to the benefits received. The amounts of these various benefits are determined by viewers and by the county court upon approving their report. But such finding of the amounts of these benefits is not a final determination of the rights or liability of the parties relative thereto, and does not become a judgment therefor against the owners of the lands in the district, or against the county which owns the public roads. On the contrary, it is provided by section 1435 of Kirby's Digest that, if the assessments of the benefits are not paid, the collector of the district shall institute suit to recover all delinquent assessments. Such suits must, of course, be instituted in a court having jurisdiction thereof; and if a suit is brought to obtain a recovery against the county, it must be brought in the county court, which has exclusive original jurisdiction of all claims against the county. The mere finding of the amounts of such benefits by the viewers, and the approval of their report by the county court, does not become a final determination, barring any legal defenses against a recovery thereof. Defense can still be made by individuals against such recovery by showing that some jurisdictional defect exists in the establishment

of such district or in the making of such assessments, and the county court has the right, upon the same lawful grounds, to defend against the recovery of such assessment of benefits claimed to be received by the public roads in the district. The action of the county court in this special proceeding establishing the drainage district and approving the assessment of benefits is not a judgment for such assessment either against the individuals or against the county. Such action is only one of the proceedings prescribed by the statute for the purpose of creating a claim for the recovery of such assessments. The right to the assessment can only be enforced by a suit brought thereon, and in such suit only can the liability of the parties be finally determined.

It follows that the assessment of the benefits received by the public roads in said district made by the viewers, and approved by the county court, was not a judgment against the county, but it was only a claim, the legal right to recover which could only be determined upon a presentation of such claim to the county court for allowance.

It follows that the court erred in overruling the demurrer to the complaint. The judgment is reversed, and this cause is dismissed.