UZZELL *v.* GATES.

Opinion delivered April 1, 1912.

1. SPECIFIC PERFORMANCE—LACHES.—A purchaser of land under an executory contract, who is out of possession and has not paid the purchase price, must proceed within a reasonable time, otherwise he will be barred by his own laches from seeking the aid of equity to enforce specific performance. (Page 194.)

2.  MORTGAGES—FORECLOSURE—LIMITATION.—Under Kirby's Digest, §
    5399, which provides, in effect, that when the debt secured by a mortgage
    is apparently barred by limitation, the mortgage constitutes no lien
    as against a third party, the purchaser under foreclosure of a mortgage
    so barred acquires no title as against third persons.  (Page 195.)

3.  JUDGMENT—CONCLUSIVENESS.—A judgment in unlawful detainer
    against a tenant is not conclusive against the landlord as to the title
    to the land where the landlord was not a party.  (Page 195.)

Appeal from Prairie Chancery Court; *John M. Elliott,*
Chancellor; reversed in part.

*Trimble, Robinson & Trimble,* for appellant.

1.  The chancery court should have dismissed the cases
for want of jurisdiction.  The aid of equity may be invoked
only where there is no adequate remedy at law.  26 Ark. 649;
65 Ark. 505; 66 Ark. 391, and cases cited.

At the time the suits were brought, O. K. Uzzell was in
possession of the Martin land, and Gates had an adequate
remedy at law.  Equity will not remove a cloud upon a title
where the defendant is in adverse possession.  56 Ark. 391;
23 Ark. 746; 27 Ark. 414.  See also 27 Ark. 233.

2.  If Gates ever had any interest in this land, he is barred
by the statute of limitations and by his own laches.

3.  In the suit involving the forty-acre tract, the court
erred in not sustaining appellant's plea of *res judicata,* Gates
having on his own motion been made a party to the suit brought
by appellant against A. L. Berry for the land and for rent
thereof, and filed an answer to the complaint, and in which
action judgment was rendered against him.

*Thweatt & Thweatt* and *J. H. Harrod,* for appellee.

1.  This is not a suit to remove a cloud from title but to
declare appellant to be holding the land in trust for plaintiff's
benefit, etc.  Possession of defendant is no bar to an action
in equity to establish a trust.

2.  As to the forty-acre tract, the plea of *res judicata* was
properly overruled because there was neither allegation in the
complaint nor proof that the title to the land was involved in
the suit of *Uzzell* v. *Berry.*  17 Ark. 203; 62 Ark. 76.

3.  The contention that the cases should have been dis-
missed for want of jurisdiction in a court of equity comes too

late after the cases were in the chancery court without objection to its jurisdiction, and without effort to have them transferred to a court of law for trial. 87 Ark. 206, 211; 74 Ark. 104; *Id.* 81; 81 Ark. 220.

*Trimble, Robinson & Trimble* and *June P. Wooten,* for appellant in reply.

1. Where jurisdiction over the subject-matter is lacking, it can be attacked at any time; and even consent can not give jurisdiction over the subject-matter. 48 Ark. 151; 34 Ark. 399; 42 Ark. 126; 39 Ark. 254; 49 Ark. 443.

2. A fair preponderance of the evidence is all that is required to sustain the plea of *res judicata.* 77 Ark. 128. And that shows that the suit at law was in ejectment and that the title between Uzzell and Gates was tested. 100 Fed. 676; 48 La. Ann. 1083; 34 Ark. 188; *Id.* 177; 70 Ark. 71

McCULLOCH, C. J. Appellee's testator, Ferdinand Gates, instituted two actions in the chancery court of Prairie County against appellant, O. K. Uzzell, involving the title to separate tracts of land situated in that county, one tract containing sixty acres, which, for convenience, will be designated the "Martin land," and the other tract, containing forty acres, will be designated the "Uzzell land." After the death of Ferdinand Gates, the causes were revived in the name of his executors, and the two actions were consolidated and tried together, and resulted in a decree in favor of appellees for both tracts of land in controversy. Gates claimed the lands under a mortgage executed to him in 1898 by one W. M. Uzzell, the brother of appellant, O. K. Uzzell. W. M. Uzzell had title in fee to the tract known as the Uzzell land, and held possession of the Martin land under a title bond executed to him by J. W. Martin, who had title thereto in fee simple. W. M. Uzzell had made a small payment or two on the purchase price, and cleared up a portion of the land, and built a cabin thereon, but died in December, 1900, without having completed the payments or received a deed from Martin. He left a widow and one child, a son fourteen or fifteen years of age. Immediately after his death the widow and son decided to abandon the purchase, and they surrendered the title bond to Martin's agent, who subsequently negotiated a sale to appellant, and on January

18, 1901, Martin executed to appellant a deed conveying the land to him with full covenants of warranty except as against any claim under said title bond. W. M. Uzzell in the year 1892 executed to Hudson & Company, a firm of merchants, a mortgage on the Uzzell land to secure a note of $149.18, due and payable October 5, 1892. This debt was not paid, and no indorsement of payments was ever made on the record, but after the death of W. M. Uzzell appellant purchased the mortgage from Hudson & Company, and foreclosed it in February, 1902. Gates also foreclosed his mortgage or deed of trust in February, 1902, and purchased the land at the trustee's sale, receiving a deed therefor.

There is evidence tending to show that, after the widow and son of W. M. Uzzell had abandoned the Martin land and surrendered the title bond, appellant told them that he would purchase the land from Martin, and that if they could repay him the purchase price at any time thereafter he would convey the land to them. There is testimony also tending to establish the fact that they had paid him the purchase price that he paid Martin, but they have not demanded a conveyance, and their right to hold appellant as trustee for them is not involved in this controversy.

Appellees claim the Martin land on the ground that the equitable title passed to W. M. Uzzell under the title bond, and that, appellant having purchased with notice of W. M. Uzzell's purchase, he should be held as trustee. Their contention is that, by his purchase from Martin, he only stepped into the latter's shoes, and should be required to execute a conveyance pursuant to the terms of the title bond, upon payment of the purchase price therein stipulated. In other words, they are asking that appellant be required to specifically perform the contract executed by his grantor, Martin, to W. M. Uzzell for the sale of the land. We are of the opinion, however, that Gates did not proceed with sufficient diligence to warrant a court of equity, under the circumstances, in granting him the relief prayed for and to require appellant to specifically perform the contract. The rule is of well-nigh universal application that a purchaser of land under an executory contract, who is out of possession and has not paid the purchase price, must proceed within a reasonable time, otherwise he will be

barred by his own laches from seeking the aid of a court of equity to require specific performance. 36 Cyc. 721; Pomeroy on Specific Performance of Contracts, § § 403-4. In *Milward* v. *Earl Thanet*, 5 Ves. 720, Lord Alvanley said that "a party can not call upon a court of equity for specific performance unless he has shown himself ready, desirous, prompt, and eager." And in *Eads* v. *Williams*, 4. D. G., M. & G. 691, Lord Cranworth stated the rule, as Prof. Pomeroy says, "in a manner not quite so rhetorical, but perhaps more accurate," that "specific performance is relief which this court will not give, unless in cases where the parties seeking it come as promptly as the nature of the case will permit."

In the present case appellees' testator waited about five years after the death of his mortgagor and the abandonment of the land before he took any steps to require specific performance. In the meantime, the land was purchased and occupied by another. This does not show prompt action which calls for the aid of a court of equity in requiring specific performance of the contract. Gates was bound to take notice of the abandonment of the contract by the widow and son of W. M. Uzzell and the purchase and occupancy by appellant. If he expected to hold appellant as trustee, he should have proceeded with greater diligence. Under the circumstances, he is barred by his own laches, and can not hold appellant as trustee and require him to specifically perform the contract. The decree of the chancellor as to that tract of land was erroneous, and must be reversed, with directions to enter a decree dismissing the complaint for want of equity.

Appellant had no title to the other tract as against appellees, for the Hudson debt was barred by limitation as against third persons when he attempted to foreclose the mortgage. Kirby's Digest, § 5399; *Morgan* v. *Kendrick*, 91 Ark. 398.

It is contended on behalf of appellant that appellees' right to assert title to the land is barred by a prior adjudication in an action of unlawful detainer instituted by appellant against his tenant, one Berry, in which he recovered judgment for possession of the land in controversy and rest. An examination of the record discloses the fact that in that case Ferdinand Gates's right to claim the land was not called in question, and could not be adjudicated through the tenant

Berry without surrendering possession. *Dunlap* v. *Moose*, 98 Ark. 235. The record exhibited with appellant's answer shows that Gates appeared in the action and moved to transfer the cause to a court of equity, but appellant, as plaintiff in the action, by leave of court, struck out of his complaint the tract of land claimed by Gates, and the motion to transfer was therefore overruled, and the action proceeded as against the tenant Berry. It is true that judgment was rendered against Berry for the tract of land now in controversy, but Gates was not compelled to appear in that action; and if he failed to claim title to that land, he was not barred by the adjudication. The decree as to that tract is therefore affirmed.

FRAUENTHAL, J., not participating.

## ON REHEARING.

### Opinion delivered May 25, 1912.

McCULLOCH, C. J. Our attention is called to the fact that the court granted a decree in favor of appellee for the rents of the Martin land as well as the rents of the Uzzell land. The amounts were not separated, and we are therefore unable to ascertain here the amounts of the rents of the respective tracts. It follows, from the conclusion we reached in the case, that the court erred in decreeing rents to appellee for the Martin land, and the decree for rents will be reversed with directions to the chancery court to exclude from its decree the rents of the Martin land, the parties to be allowed to take additional testimony, if necessary, and that decree be rendered in appellee's favor only for the rents of the Uzzell land. To that extent the former judgment of this court is modified.