### NOTHWANG v. HARRISON.

### Opinion delivered January 1, 1917.

1. EVIDENCE—WRITTEN CONTRACT—ADDITIONAL CONTRACT.—Evidence of a contract, additional to a written one, is admissible. Parties may make subsequent contracts varying the terms of a prior one.

2. CONTRACTS—CONSIDERATION.—An agreement as to the time or manner of the exercise of some legal right, when so acted upon that the right has become valueless unless it may be enjoyed pursuant to the agreement, is a sufficient consideration to support a contract to that effect.

3. TIMBER CONTRACTS—EXTENSION AGREEMENT.—Appellee, under a contract with appellant, had a certain time in which to cut and remove certain timber. *Held* an agreement between the parties extending the time for cutting and removing, without any additional consideration, was valid.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; affirmed.

*John D. Shackelford*, for appellant.

1. Oral testimony to contradict the deed was not admissible. 94 Ark. 130; 95 *Id.* 131; 102 *Id.* 575; 112 *Id.* 1.

2. The court erred in refusing plaintiff's instructions Nos. 1 and 7. Plaintiff had a lien under § 400 of Kirby's Digest. It was error to give defendant's instructions Nos. 3, 6 and 8. They are not the law. There was no consideration for the extension of time and no promise to extend the time was ever made. The jury were misled and the verdict is not sustained by the evidence.

*Dunaway & Chamberlin*, for appellees.

1. Appellees did not attempt to contradict the written timber sale contract. They proved a subsequent valid agreement extending its terms.

2. There is no error in the refusal nor giving the instructions. 91 Ark. 43; 96 *Id.* 156; 64 *Id.* 627.

SMITH, J. Appellant sold appellees certain timber standing on lands which he owned on December 30, 1911, and gave them two and one-half years in which to cut and remove it. Certain timber was cut after the expiration of this time by appellees, and this suit was brought to recover its value. The complaint recited that timber had been cut on other lands owned by appellant which he had never sold appellees. There was also included in the complaint a count for damages resulting from throwing timber and brush in a creek in such a manner as to dam up the creek and cause it to overflow appellant's lands.

It was alleged that the timber in controversy had been manufactured into shingles and a lien upon them was claimed, and an attachment was sued out and levied upon the shingles.

The answer denied all the material allegations of the complaint, and while it was admitted that certain

trees had been cut after the expiration of the time originally granted it was alleged that an extension of the time had been given for cutting these trees. Appellees asked for damages on account of the attachment and to compensate the cost of repairs they were compelled to make to a road used by them in hauling out their shingles, which appellant had obstructed.

A timber deed was executed at the time the original contract was entered into which described the land upon which the timber had been sold, the same being four forty-acre tracts of land, for the consideration of $600.00. Appellees erected a mill to manufacture this timber, and after its completion it was ascertained that the mill was not situated on any one of the forty-acre tracts of land described in the deed. It was contended by appellees that the mill was on land on which they had bought the timber, as they claimed to have bought all of appellant's timber, but they later discovered that the deed did not describe the land on which the mill was located. Appellees testified that when this discovery was made they negotiated with appellant for the satisfaction of the demand for the timber so erroneously cut, and for the extension of the time to cut the timber described in the deed. These negotiations were concluded by the payment of a hundred dollars to appellant, who executed the following receipt:

> "Little Maumelle, Arkansas.
> March 26, 1913.

"Received one hundred from Harrison brothers for balance of adjoining the timber they bought from me on same condition as the other, and I agree to extend the lease for six months after the original lease expires.          (Signed) W. Nothwang."

(1) Appellant contends the extension mentioned was for the purpose only of allowing appellees to manufacture the timber they had on hand at the mill after the expiration of the lease on January 1, 1915. But this is controverted by appellees, and this difference has been decided in appellees' favor by the jury. It is

said that the introduction of this writing tended to vary the terms of the original deed, inasmuch as appellees were permitted to testify in regard to the negotiations which led up to its execution. But such is not the case. Appellees are not attempting to vary the original contract. They simply sought to show that subsequent to the execution of the original contract, and for the additional consideration, they had obtained a further extension of time to cut the timber and had, for the same additional consideration, paid for the timber erroneously cut. No rule of evidence would exclude such testimony. Parties may make subsequent contracts which vary the terms of a prior contract.

It is insisted that the court erred in giving at appellees' request instruction numbered 8, which reads as follows:

"You are instructed that if you find from the evidence that defendants refrained from cutting their timber which they could have had time to cut during the remainder of the year 1914 under a promise from the plaintiff that they could cut and remove their timber after January 1, 1915, then this would constitute a valuable consideration sufficient to support the claim of extension of time."

(2-3) It is said, first, that the instruction is erroneous because there is no proof upon which to base it. But appellees testified that before the expiration of the time to cut the timber they represented to appellant that on account of the depressed timber market they would like an extension of time beyond January 1, 1915 (the time specified in the timber deal) to cut the timber, and that appellant acceded to this request, whereupon they did not cut the timber in the time granted in the deed, but cut it in the extended time. It is said this promise is void as being unsupported by any consideration. But we do not think so. Appellees would have exercised a legal right within the time limited except for appellant's promise that the right might thereafter be exercised. It may be true that appellant derived no profit or advantage from this

agreement, but it is not essential that he should have done so. It is sufficient if the party to whom the promise was made suffered some detriment or disadvantage on account of the promise. An agreement as to the time or manner of the exercise of some legal right when so acted upon that the right has become valueless unless it may be enjoyed pursuant to the agreement, is a sufficient consideration to support a contract to that effect.

In Page on Contracts, section 274, a valuable consideration is defined as follows:

"Sec. 274. A valuable consideration is some legal right acquired by the promisor in consideration of his promise, or forborne by the promisee in consideration of such promise. A common form of stating the same principle is that a valuable consideration for a promise may consist of a benefit to the promisor, or a detriment to the promisee.

"The use of 'benefit' and 'detriment' in this connection needs explanation. While correct if properly understood, it is liable to misconstruction. 'Benefit' does not refer to any pecuniary gain arising out of the transaction, nor 'detriment' to any pecuniary loss. It is not possible to wait till the transaction is concluded and the books balanced, to see whether a consideration existed originally. 'Benefit' as used in this rule means that the promisor has, in return for his promise, acquired some legal right to which he would not otherwise have been entitled; 'detriment' means that the promisee has, in return for the promise forborne some legal right which he would otherwise have been entitled to exercise. The question of the ultimate financial loss or gain is foreign to the doctrine of consideration, if the parties each have received what they have agreed upon."

See, also, sections 67 and 69 of the article on "Contracts" in 6 Ruling Case Law. See, also, Elliott on Contracts, sec. 203; Beach on the Modern Law of Contracts, sec. 167; Parsons on Contracts, p. 482; Hammon on Contracts, p. 675.

Many cases are cited by the above authorities in support of the law as there announced.

It is earnestly insisted that the court erred in refusing appellant's instruction numbered 7, as follows:

"You are further instructed that if you find from the testimony that any of the shingles attached and levied upon by the sheriff in this case were shingles produced from the plaintiff's timber, which was cut since the first of 1915, then your verdict will be for the plaintiff, and you will sustain the attachment."

A consideration of this instruction would involve the discussion of the evidence in the case, which appellant says is insufficient to support the verdict. The instruction set out would have been a proper one had the testimony in appellant's behalf been undisputed, but such is not the case. Indeed, there is, to the contrary, a sharp conflict in the testimony upon most of the questions of fact involved; but these conflicts have been resolved by the verdict of the jury against appellant's contention.

A verdict was returned by the jury in appellees' favor upon their counterclaim in the sum of $500, and we cannot say this verdict is unsupported by the evidence, or is excessive. The jury has found, upon conflicting evidence, that appellees did not wrongfully cut any of appellant's timber, and, consequently, the attachment was wrongfully sued out and appellant was liable for any damage to the timber occasioned thereby. There was also proof to the effect that appellant had torn up a road which appellees had prepared for their use in hauling out the products of their mill, and when this road was repaired it was again obstructed by appellant and the timber was damaged on account of the delay thus occasioned. But all of these questions were submitted to the jury under instructions which properly declared the law applicable to the respective contentions of the parties.

Finding no prejudicial error the judgment of the court below is affirmed.