HARRISON *v.* FULK.

Opinion delivered March 26, 1917.

1. ATTACHMENTS—DAMAGES FOR IMPROPER SEIZURE.—Where a party is totally deprived of his property by an attachment thereof, the measure of his damage is the value of the property taken, at the time of the seizure, with interest from the date of the levy up to the time of trial.

2. ATTACHMENTS—DAMAGES—REMEDY—ELECTION.—Where plaintiff's property has been improperly attached and sold, and the attachment

is discharged, plaintiff is entitled to the remedy prescribed in Kirby's Digest, § 381, under which the court or jury assesses his damages and judgment shall be given on the attachment bond, or in Kirby's Digest, § 380, under which plaintiff may recover the proceeds of the sale in the sheriff's hands. Plaintiff can avail himself of but one of these remedies, and having elected to act upon one he cannot invoke the other also.

3. MANDAMUS—JUDICIAL ACT—IMPROPER REMEDY.—The failure of a court to render a proper judgment is an error to be corrected by appeal and not by mandamus.

Mandamus to Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; writ denied.

*Dunaway & Chamberlin*, for petitioners.

1.  Mandamus will lie; the duties of the court are merely ministerial. Kirby's Digest, § 380. There is no other adequate remedy. It was the duty of respondent to enter the order directing the sheriff to turn over the $350.00 to petitioners. Kirby's Digest, § 380.

2.  This court has jurisdiction to compel an inferior court to *exercise* his discretion, and perform his duty.  35 Ark. 298; 80 *Id.* 350; 4 *Id.* 302; 99 N. E. 606.

3.  Appeal is not the remedy. Kirby's Digest, § 380; 94 Ark. 214.

*John D. Shackelford*, for respondent.

1.  The pleadings in this cause and the conduct of petitioners sustain the order, and it is correct. Their claim is inconsistent.

2.  Mandamus will not lie; the remedy was by appeal.  95 Ark. 118; 94 *Id.* 214; 77 *Id.* 101; 80 *Id.* 61; 82 *Id.* 483; 84 *Id.* 156; 98 *Id.* 505; 101 *Id.* 29.

SMITH, J.  This is a petition for mandamus, directed against the Hon. Guy Fulk, as judge of the second division of the Pulaski circuit court.

The case arises out of the proceedings had in that court upon the suing out of the mandate from this court in the case of *Nothwang* v. *Harrison*, decided January 1, 1917, and reported in 126 Ark. 548, 191 S. W. 2.  As appears from the opinion in that case,

Nothwang had attached a lot of shingles belonging to Harrison Bros., and after a mistrial of that cause and pending another trial the court made an order directing the sale of these shingles, and, pursuant thereto, the shingles were sold to Nothwang for $350.00. In due time, and before the first trial of that cause, the defendant in the attachment case filed an answer and cross-complaint, in which the material allegations of the complaint were denied, and a cause of action in their own favor set up, in which it was alleged that damages in the sum of $719.50 had been sustained. After this sale, the defendants filed an amendment to their cross-complaint, reciting the sale of the shingles, and stating their value, at the time they were attached, to be $742.59, and judgment was thereupon prayed in the sum of $1,462.09, which sum included the alleged value of the shingles and the amount of damages for which judgment had been originally prayed.

These questions were gone into at the original trial, and, at the request of the defendants, the court gave an instruction on the measure of damages, in which the jury was told that, "In this connection, if you find against the plaintiff, and for the defendants, you will ascertain, from the evidence, the value of the shingles attached, at the time attached, and render a verdict for defendants for the amount so found, with interest at 6 per cent. per annum from May 18, 1915 (the date of the attachment). Further, in ascertaining this value, you will not consider, or be guided by, the amount plaintiff paid for said shingles at the sheriff's sale."

A judgment was returned in favor of defendants for the sum of $500 and this judgment was affirmed by us on appeal.

The cause was further heard on January 20, 1917, by the court below, on the mandate from this court, at which time defendants prayed the court to render judgment against Nothwang and his sureties in the sum of $500, with interest from date of the judgment appealed from, and, in addition, that the court order

the sheriff to pay to them the $350 for which the shingles sold. The court refused to make this order, but on the contrary, directed the sheriff to turn over to defendants the said $350, "to be by them applied on the judgment of $500 secured by them against Nothwang, et al." Whereupon, this petition for mandamus was filed, to require the court to make the order prayed below.

The prayer of this petition must be denied for two reasons. The first is that the petitioners have had their day in court on the question of the value of the shingles. They had the right to treat the $350 as representing the value of the shingles, but they were not required to do so. Had they done so, they would have been entitled, under section 380 of Kirby's Digest, to this money upon the dissolution of the attachment. This section provides that the attached property, or its proceeds, shall be returned to the defendant upon the dissolution of the attachment. Defendants elected, however, to amend their cross-complaint to allege the value of the shingles was not $350, but was $742.59, and that issue has been passed upon by the jury.

(1) In C. J. Vol. 6, 420, it is said: "Where plaintiff was totally deprived of his property, the measure of damages is the value of the property taken, at the time of the seizure, with interest from the date of the levy up to the time of trial." The cases of *Perkins* v. *Ewan*, 66 Ark. 175, and *Straub* v. *Wooten*, 45 Ark. 112, are there cited to support that statement of the law.

(2) This rule is in accordance with our statute upon the subject. Section 381 of Kirby's Digest provides that, in all cases of attachment in which the attachment is discharged, the court or jury trying such attachment shall assess the damages sustained by reason thereof, and judgment shall be rendered against the plaintiff, and his sureties in the attachment bond, for the amount of such damages, and the cost of the attachment.

The practice under this section has been defined in the following cases: *Rogers* v. *Coates*, 103 Ark. 191; *Holliday* v. *Cohn*, 34 Ark. 710; *Boatwright* v. *Stewart*, 37 Ark. 614; *Goodbar* v. *Lindsley*, 51 Ark. 382; *Poppewell* v. *Hill*, 55 Ark. 622; *Blass* v. *Lee*, 55 Ark. 329; *Scanlan* v. *Guiling*, 63 Ark. 540; *Norman* v. *Fife*, 61 Ark. 33; *Walker* v. *Fetzer*, 62 Ark. 135.

Defendants might have availed themselves of the benefits of section 380, in which event, upon the dissolution of the attachment, they would have been entitled to the proceeds of the sale of the attached property in the hands of the sheriff. But, as has been said, they had the right to proceed under section 381 of Kirby's Digest, and have the jury find the value of the property which had been sold, and, having done this, they can not also avail themselves of the provisions of section 380. The positions are inconsistent.

(3) Moreover, mandamus will not lie, because the action of the court was a judicial, and not a ministerial, one, and, if it be assumed that the court erroneously refused to render judgment for the $350, by directing the payment of the $350 to petitioners, to apply on their judgment, then the error was one to be corrected by appeal, and not by mandamus. *Maxey* v. *Coffin*, 94 Ark. 214; *Rolfe* v. *Drainage District*, 101 Ark. 29, and cases cited.

The petition for mandamus is therefore denied.