## McDONALD v. LOUTHEN.

### Opinion delivered January 20, 1919.

ATTACHMENT—COMPLAINT FOR WRONGFUL ATTACHMENT.—In an action for wrongful attachment, a petition alleging judgment for attachment defendant and appeal therefrom to circuit court and filing of appeal bond, but not alleging result of appeal or dissolution of attachment, did not state cause of action, in view of Kirby's Dig., § 381, it not appearing that the attachment suit had been disposed of.

Appeal from Fulton Circuit Court; *J. B. Baker,* Judge; affirmed.

*C. E. Elmore,* for appellant.

The court erred in sustaining the demurrer to the complaint.

The demurrer admits the facts stated herein for the purpose of passing upon the question raised. 94 Ark.

505; 94 Ark. 453-456. The complaint must be tested on the demurrer by its own allegations.    46 Ark. 537; 87 Ark. 418-423. Where one paragraph of a complaint states a cause of action on demurrer the whole complaint should be overruled. 72 Ark. 29; 32 Ark. 131. In trover where the conversion of the property is shown, the right of action of the owner is complete. 29 Ark. 365-369.

SMITH, J.  This appeal has been prosecuted to reverse the action of the court below in sustaining a demurrer to the following complaint:

"The plaintiff, Ben McDonald, for his cause of action against the defendants, V. D. Louthen, Catherine Louthen and R. E. Comstock, says: 1st. That on the 4th day of December, 1916, the defendants, V. D. Louthen and Catherine Louthen, did by a writ of attachment cause to be seized a large amount of the crops and personal property belonging to plaintiff and that on the 16th day of December, 1916, there was a trial had upon the issues therein mentioned, which was by a jury trying said cause and upon a final hearing of said cause, the jury rendered a verdict for this plaintiff and in said judgment it was adjudged that all of said property then and there attached should be delivered back to this plaintiff.

"That on the 18th day of December, 1916, the defendants, V. D. Louthen and Catherine Louthen, filed their affidavit for an appeal from said judgment to the circuit court of Fulton County, and filed their appeal bond with the defendant R. E. Comstock as their surety thereon.

"That by virtue of said affidavit and appeal bond so filed, the said defendants, V. D. Louthen and Catherine Louthen, took possession of said property and retained the same until the 26th day of February, 1917, they released a part thereof, retaining ten tons of hay of the value of one hundred and twenty-five dollars; four shocks of grass hay of the value of seven dollars; twenty-seven bushels of corn of the value of twenty-seven dollars; six

shocks of cane hay of the value of nine dollars, making a total of property taken, retained and kept by these defendants, and belonging to this plaintiff in the sum of one hundred sixty-eight dollars, no part thereof has ever been delivered to this plaintiff, but the whole thereof was converted to the use of these defendants, to the damage to this plaintiff in the sum of one hundred sixty-eight dollars, for which sum he prays judgment.

"Wherefore, the plaintiff asks and prays judgment against the said above named defendants in the sum of one hundred sixty-eight dollars as his damages for all his costs and all and proper relief."

We infer—from the statement that an appeal was prosecuted to the circuit court—that the attachment suit was brought in the court of a justice of the peace, where there was a verdict and judgment for the defendant in the attachment suit, and an appeal to the circuit court was perfected and an appeal bond given with one R. E. Comstock as surety. We also infer—from the fact that Comstock is made a party defendant—that the suit was brought to enforce the penalty of the appeal bond; otherwise Comstock's connection with the litigation does not appear.

But no breach of this appeal bond is alleged. It does not appear what became of the appeal. It may be still pending, or some judgment may have been rendered which operated to discharge the surety on the appeal bond from liability.

It is true that the complaint alleges that the plaintiffs in the attachment suit, who are the defendants in the instant case, took possession of the attached property. But this being attached property it is *in custodia legis,* and there is no allegation that the attachment has been dissolved or otherwise disposed of. The appeal to the circuit court carried the case there for a trial *de novo* and the attachment may have been sustained there, or may yet be sustained if there has been no trial. The complaint is silent on these questions.

The effect of the complaint, as we understand its allegations, is to ask judgment for damages for the value of property wrongfully attached before the attachment itself has been disposed of. This is not the procedure contemplated by the statute. Section 381 of Kirby's Digest reads as follows: "In all actions of attachment in which the defendant shall recover judgment for the discharge of the attachment, the court or jury trying said attachment shall assess the damages sustained by the defendant by reason of such attachment, and the court shall render judgment against the plaintiff and his sureties in the attachment bond for the amount of such damages and cost of the attachment."

The recoverable damages, whatever they may be, should be assessed upon the discharge of the attachment. See *Harrison* v. *Fulk,* 128 Ark. 229, and cases there cited.

The complaint here attempts to have the damages assessed without showing that the attachment suit has been disposed of and the demurrer was, therefore, properly sustained. Judgment affirmed.