ARKANSAW TRADING COMPANY *v.* SOUTHWESTERN VENEER COMPANY.

Opinion delivered October 1, 1923.

1. LOGS AND LOGGING—EXTENSION OF TIME TO REMOVE TIMBER.— When a contract for the sale of timber gave the purchaser two years to move the timber, and provided that, in the event of bad logging conditions, the purchaser should have an additional year, and the purchaser told the vendor during the second year that there was "no chance in the world to move this timber this year," and the vendor replied that "probably things would be better next year," and that "you have paid us; * * * I don't want your money for nothing," *held* that the conversation amounted to an agreement between the parties for an additional year in which to remove the timber.

2. LOGS AND LOGGING—EXTENSION OF TIME TO REMOVE TIMBER—CONSIDERATION.—A purchaser's forbearance to remove timber within the period specified by a timber deed, *held* sufficient consideration to support an extension of time accorded him by the grantor.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*J. N. Rachels,* for appellant.

Under a contract granting the right to enter upon land and remove timber therefrom, if no time is specified within which to exercise that right, such right continues only for a reasonable time. 77 Ark. 117; 78 Ark. 408;

84 Ark. 603; 91 Ark. 292; 93 Ark. 5; 99 Ark. 112. Where a contract for the sale of timber provides that the vendee shall cut and remove the same as expeditiously as possible, and that, unless it is removed within a period of two years, the vendee shall be responsible for the taxes until it is removed, he is required to proceed expeditiously from the date of the deed and continue until the timber is removed. He has, under such a provision, no definite time, either of two years or otherwise, unless he proceeds expeditiously and continuously. 111 Ark. 253; 116 Ark. 393-398; 118 Ark. 94, 107; 126 Ark. 46, 50. See also, 56 Ala. 566; 130 Ark. 9; 134 Ark. 539; 145 Ark. 132, 136; 148 Ark. 445.

*John E. Miller* and *C. E. Yingling,* for appellee.

1. The timber deed is ambiguous, and parol testimony was necessary to aid the court in construing it. It was prepared by an officer of the appellant, and all doubts arising from its ambiguity must be resolved against appellant. 151 Ark. 81 *et seq*; 113 Ark. 174; 150 Ark. 492; 112 Ark. 1; 115 Ark. 166; 89 Ark. 368; 81 Ark. 337. Appellant is bound by the written portion of the deed, which will control the printed portion. 126 Ark. 19, 25.

2. Appellant is estopped to claim that appellee was not to have an additional year by the conduct and inducements held out by McGilton to Easley in the conversation between them in the early part of the year 1921, whereby the latter was induced to believe that appellee could rely on having an additional year. 131 Ark. 77, 82, and cases cited.

HUMPHREYS, J. This suit was instituted in the White County Chancery Court by appellant against appellee to enjoin it from cutting gum timber on a 390-acre tract of land in said county, owned by it. Appellee was at the time asserting the right to cut the timber under and by virtue of a timber deed executed by appellant to appellee on the ninth day of February, 1920. Appellee paid appellant $6,000 for the gum timber on the land, $4,000

when the contract was executed, and $2,000 six months thereafter. During the spring and summer of 1920, and prior to the rainy season in the fall, appellee cut and removed 362,000 feet of the timber, but made no effort to cut and remove the balance thereof until the expiration of the two-year period fixed in the contract for removing same. It is appellant's contention that, under the terms of the contract, appellee forfeited its right to the timber by failing to remove same within said period. It is appellee's contention that it had an additional year after the expiration of said period in which to remove the timber, on account of the bad logging conditions that existed during a part of the two-year period, and for that reason it had not forfeited its right to the timber when said suit was brought. Relative to the time in which the timber was to be removed, the timber deed contains the following provision:

"It is hereby agreed by the parties hereto that in the event of bad logging conditions, the party of the second part shall have one additional year within which to move the timber."

"The party of the second part shall cut and remove said timber as expeditiously as possible, and it is agreed that, unless it shall have removed all the same within a period of two years from the date hereof, it shall be responsible for and pay to the first party the full amount of taxes assessed against said lands after the expiration of said period of two years after this date until the time said timber is removed and said possession returned to said first party."

The difference between the parties arose out of the construction each party placed upon these paragraphs, and an issue, growing out of the construction of each, was joined between them in the pleading. In addition, appellee tendered an issue of estoppel against appellant in his answer and the testimony introduced in aid thereof The undisputed testimony showed that early in the year 1921, during the two-year period for the removal of the

timber, R. L. Easley, representing appellee, went to see C. E. McGilton, representing appellant, concerning the removal thereof.  On that occasion a conversation occurred between them, as shown by the following interrogatory propounded to R. L. Easley and his answer thereto:

"Q.  Did you ever talk to Mr. McGilton about removing the timber?  A.  I told Mr. Mc., 'There isn't a thing in the world doing this year.'  He says, 'No, Easley, there ain't.'  I said, 'There's no chance in the world to move this timber this year.'  He said, 'I don't see any myself, Easley.  Everything looks like it's gone to hell,' to use his words.  I said, 'Well, probably things will be better next year, and we will do something.'  He said, 'Mr. Easley, you have paid us $6,000, haven't you?'  I said, 'Yes sir.'  He said, 'I don't want that money for nothing.'  I said, 'Thank you, Mr. Mc.,' and passed it off that way."

In the light of this testimony we deem it unnecessary to determine whether the timber was removed expeditiously or to determine the meaning of the clause, "bad logging conditions," as used in the contract. What was said between the parties amounted to an agreement between them for an additional year in which to remove the timber.  The fact that appellee forbore its legal right to remove the timber within the two-year period constituted sufficient consideration to support the extension of time accorded appellee by appellant.  *Nothwang* v. *Harrison,* 126 Ark. 548.

No error appearing, the judgment is affirmed.