BOARD OF COMMISSIONERS OF BUFFO DRAINAGE DISTRICT No. 7 v. ARKANSAS COUNTY.

Opinion delivered February 25, 1929.

R. D. Rasco and J. M. Brice, for appellant.

John L. Ingram and T. J. Moher, for appellee.

MCHANEY, J. Buffo Drainage District No. 7 of Arkansas County was organized on the 29th day of May, 1914, under act 279 of the Acts of 1909 and the amendments thereto, §§ 3607 et seq., C. & M. Digest, commonly referred to as the alternative system of organizing drainage districts, by proper orders of the county court. Said district has been functioning since its organization, having constructed the improvement contemplated, by issuing bonds, and has been collecting assessments against the property in said district and paying off the bonds and interest coupons as they matured. When the assessment of benefits was made the county roads in the district were

included, and were assessed in total benefits of $1,440. The county paid these assessed benefits in annual installments until 1927, when the county judge of said county refused to recognize the installment due in that year as a valid claim against the county. A claim was presented to the county court in the sum of $100.80, which the court disallowed, on the ground that there was no authority in the law for taxing or levying the assessment against the county roads. The case was tried before the county court on an agreed statement of facts, the substance of which is as above stated. And it was further agreed that the decision of the court in the Buffo Drainage District case should control in a number of other drainage districts in said county similarly situated.

An appeal was prosecuted to the circuit court, where the matter was heard upon the agreed statement of facts which was incorporated in the order of the county court denying the claim, and additional testimony to the effect that the county roads were greatly benefited by the construction of the improvement in the district. The case was heard by the circuit court without the intervention of a jury, and a judgment was entered dismissing the appeal. Appellant has brought the cause here for review.

Appellant seeks to sustain the assessment of benefits and the annual tax levied thereon under §§ 3579 and 3582, C. & M. Digest, and also under the decision of this court in *Rolfe* v. *Spybuck Drainage District No. 1*, 101 Ark. 29, 140 S. W. 988. With reference to the sections of the statute above mentioned, we are of the opinion that they can have no application to this controversy, as they are sections of the old drainage district law. Appellant was not organized under this law, but, as heretofore stated, under the alternative system, § 3607 *et seq*. By § 3613, C. & M. Digest, which provides, among other things, with reference to the assessment of benefits and damages by the commissioners, that: "Their assessment shall embrace, not merely the land, but all public and corporate roads, railroads, tramroads and other improvements on lands that will be benefited by the drain-

age system.'' We hardly think that language can be construed so as to authorize the commissioners to assess benefits against county roads. Section 3611 defines real property, wherever used in the act, to have the same meaning ''as when used in the act providing for the collection of State and county revenues, and shall embrace all railroads and tramroads within the district.'' The definition of real property did not include county roads.

Furthermore, the act failed to provide any method of enforcing the collection of taxes on the assessment of benefits against the county roads. It does provide for the enforcement of collection of the tax on the betterments assessed against other real property, and provides that the proceedings to enforce such collection shall be in the nature of a proceeding *in rem*, ''and such judgment shall be enforced wholly against such lands, and not against any other property or estate of said defendant.'' Section 3631, C. & M. Digest. It could hardly be contended that the drainage district could sell the county roads by such a proceeding, and the act specifically prohibits taking any personal judgment against the landowner, and none could be had against the county.

We do not consider that the case of *Rolfe* v. *Spybuck Drainage District, supra,* is authority for appellants' contention. That was a proceeding by mandamus by the drainage district for a judgment to compel the county judge of St. Francis County to order the clerk to issue a warrant for the payment of the tax on the assessment of benefits accruing to the public roads of that county by the construction of a ditch, and the principal question decided in that case was that an assessment of benefits against the public roads in a drainage district, made by viewers and approved by the county court, did not amount to a judgment against the county, but might be the basis of a claim against the county which should be presented to the county court for allowance, and that mandamus would not lie to compel the issuance of a warrant. The question as to whether the county was liable for the tax on the betterments assessed, or whether there

was any authority in law for the assessment of benefits against the public roads, does not seem to have been presented to the court, and was not decided in that case. Moreover, that was a case arising under the old system of organizing drainage districts, and not under the alternative system. The decision in that case relates to a wholly different proposition, and has no bearing on the issues presented in this case.

We do not find it necessary to decide whether the authority exists in the old drainage district law to assess benefits against the county's roads. We do decide, however, that no authority exists under the alternative system for the assessing of benefits against the county's roads, or the collection of a tax thereon.

The judgment is accordingly affirmed.