Davidson v. Farrell.

---

Wm. F. DAVIDSON, et al., Plaintiffs in Error, vs. JAMES FARRELL, Defendant in Error.

### ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Where the Plaintiff in Error relies upon the want of pleadings or an issue in a cause, to reverse a judgment of the District Court, the paper book or record, presented to this Court, must show affirmatively that in fact there were no pleadings, or that no issue was joined in the Court below.

Where it appears from the paper book that the cause was in the District Court, by appeal from the judgment of a Justice's Court, that the cause was referred by consent of parties, that the parties appeared before the Referee, and proceeded with the trial of the action, and that they made their proofs and allegations, and the Referee reported thereon, enough is shown to sustain the judgment, though the paper book does not disclose the pleadings or issue.

The statute authorizing judgment against the surety on an appeal bond, at the same time as against the principal, is not in conflict with section 7 of Art. 1 of the Constitution.

### Points and Authorities of Plaintiffs in Error.

I.—The records disclose neither summons, process, or other proceeding, whereby the Defendant, Davidson, is in Court, nor any pleading or issue whatever between the parties. The appearance of parties might be taken as dispensing with process, but it could not dispense with pleadings and an issue.

There can manifestly be no trial, no findings, and no judgment without allegation and an issue thereon. The record of such a judgment would be no bar to a future action for the same cause. There is, therefore, in the present case obviously no basis for the judgment.

The findings of the Referee, his directions for judgment, and the judgment itself, are all alike erroneous, unauthorized and baseless.

II.—The direction of the Referee for a joint judgment against the Defendant below, and his surety on the appeal bond, and the entry of such judgment, are erroneous.

It will be seen that the judgment thus ordered and entered is a joint judgment, and as against the surety, is entered before any default has been made in the conditions of his bond, and consequently before he has become liable or indebted thereupon, and it is also entered without any " process of law," pleadings, trial, or other legal proceedings of any kind, as against him.

It is therefore in violation of a cardinal maxim of the common law, and of section 2, article 1 of our State Constitution, —a principle which is also embodied in the Constitution of the United States, and in those of every State in the Union.

These constitutional provisions have been uniformly held to imply and include "actor, reus, judex," regular allegation and opportunity to answer, and a trial according to some settled course of judicial proceedings.

And it has also been held that the provisions are a restraint on the legislative, as well as on the executive and judicial powers of the government, and cannot be so construed as to leave the legislature free to make any process " due process" of law, by its mere will. 18 Howard, 272, and authorities there cited; 1 Curtis C. C. R., 311, et seq.; 4 Hill, 145-7.

This judgment is also entered in violation of section 4 of the same article of our State Constitution. See authorities above cited.

This judgment is entered under the provisions of sec. 134, chap. 59, p. 518 Comp. Stat.

This section, if it authorizes the entry of the judgment in this case, is clearly unconstitutional. See authorities above

*cited.   See also Huges vs. Huges*, 4 *T. K. Monroe* (*Ky.*), 42 *Litnell's Principles Law and Eq.* 63.

If this section is not to be construed as authorizing the entry of this judgment, the entry is illegal.   In either case, the direction for the judgment and the judgment itself are erroneous and unauthoriced and should be reversed.

LORENZO ALLIS, Counsel for Plaintiffs in Error.

SMITH & GILMAN, Counsel for Defendants in Error.

*By the Court.*—ATWATER, J.—The paper book in this case contains an affidavit for appeal in a justice's court, as required by *Sub.* 1, *sec.* 123., *p.* 517 *Comp. Stat.*, an appeal bond, acknowledgment and justification.   Then the statement, that "at the General Term of the District Court, by consent of parties, the cause was referred to James Gilfillan, Esq., who made the following report."   Then follows the title of the Court and of the cause, and the report of the referee finding in favor of the Plaintiff, in the sum of fifty-one dollars and twenty-five cents, as the agreed price for the use of certain jack-screws, and damages thereto, and directing judgment to be entered accordingly.   Then follows the entry of judgment, as directed by the report, against the Defendant Davidson, and John Haycock, his surety on appeal, for the amount found by the referee, with interest and disbursements.   The paper book is endorsed with the names of the parties as Plaintiff and Defendant in error respectively, but no writ of error accompanies the papers, nor is there any certificate of the clerk, that the foregoing are a transcript of all the papers on file in the cause, nor that the foregoing contains an account of all the proceedings in the cause.

It is claimed by the Plaintiff in Error, that the record discloses neither summons, process or other proceeding, whereby the Defendant, Davidson, is in court, nor any pleadings or issue whatever between the parties, and that the finding of the referee, his direction for judgment, and the judgment itself, are unauthorized and baseless.

From the papers before this Court it may be inferred that

Davidson v. Farrell.

this action was commenced before a Justice of the Pe .ce, and an appeal taken from the judgment of such Co··. to the District Court. If the paper book presented to t' is :our. is ·to be considered a record of anything, it shows that a judgment was rendered in the District Court against the Plaintiffs in Error. In a court of general jurisdiction every intendment is made in favor of the regularity of its proceedings, and the validity of its judgments, and it devolves upon the party alleging error, to show the same affirmatively by the record. Suppose, in this case, the Plaintiff in Error had made up his paper book by simply copying the record of judgment from the entry of the same by the clerk in his book, and come into this Court and ask to have the same reversed, on the ground that the same appeared to be unauthorized by the record, would this Court be justified in reversing the same, without evidence that the whole record was before the Court? Would not this Court be bound to intend·that the judgment was entered upon regular proceedings in the action, until the contrary was made affirmatively to appear? In this case, the Plaintiff in Error has gone a step further, and in addition to the entry of judgment, has inserted in his paper book the report of the referee, and asks that the judgment be reversed, because the paper book does not show any pleadings between the parties. I think it devolves upon the Plaintiffs in Error to show, affirmatively by their record, that there were, in fact, no pleadings or issue, and that the Court is not bound to presume that the paper book contains all the proceedings in the case, unless that fact is shown by some competent evidence.·

But aside from this view, I think there is enough disclosed by this record or paper book to show that issue was joined between the parties. It would appear that the cause came into the District Court by appeal. The pleadings in a Justice's Court may be oral or in writing. (*Comp. Stat., p.* 501, *Sec.* 26,) and " the issue before the justice shall be tried before the Court above, without other or further new declaration or pleading, except in such cases as shall be otherwise directed by the Court." *Comp. Stat, p.* 518, *sec.* 127). We are left in the dark as to what proceedings were had in the

vol viii.—34

Justice's Court, but we find that at " a General Term of the District Court, by consent of parties the cause was referred," &c.  We find then the " cause" in the District Court, and the parties consenting to a reference of the same.  This word, in its ordinary legal acceptation, I understand to mean the subject of difference between the parties, as settled by the pleadings, whether oral or written, and I think that idea is conveyed by the use of the term in this instance.  And this view is strengthened by reference to the report of the referee, who reports to the District Court, as appointed " to try and determine the several issues in the above-entitled action," and that " the parties, Plaintiff and Defendant, appeared before me, and proceeded with the trial of said action," and made allegations and proofs in regard thereto.  The record disclosing thus much, it would be going far for this Court to reverse this judgment on the ground that there were no pleadings or issue in the Court below.  The record does not disclose the pleadings, nor state in terms that the parties joined issue ; but it states other facts and proceedings in the cause, which are the necessary consequents upon the existence of pleadings and an issue, and therefore in substance shows that those proceedings were had in the action.

The second ground of objection on the part of the Plaintiffs in Error is, that the judgment is erroneous, in that it was entered against the surety on the appeal bond.  It is claimed that this judgment was entered against the surety before the condition of the bond had been violated by the principal, and that the statute authorizing judgment against the surety in such cases, is in conflict with the constitution, in that the judgment is not obtained by " due process of law."  The constitution provides (*Art.* 1, *sec.* 7,) that no person " shall be deprived of life, liberty or property, without due process of law."  What constitutes due process of law in any particular case must depend upon the facts and circumstances of that case.  The word " process," as used in the section of the constitution above cited, cannot mean that no judgment can be authorized except upon summons, or some writ of that nature technically known as process, first issued ; for it is not doubted but that judgments may be entered upon confession, by

submission to arbitration, by warrant of attorney, and, perhaps, in other ways, without service of process. The intent of the language quoted we think is to protect the citizen in the enjoyment of life, liberty and property, and to prohibit interference therewith, except in accordance with such provisions of law as the Legislature may enact to protect society and secure the rights guaranteed by the constitution. That instrument has nowhere defined due process of law. The Legislature, so long as it does not conflict with the fundamental law, has full power to regulate the forms of actions, to prescribe the time and manner of pleading and entry of judgment, to provide in what cases property may be seized before judgment, and how the same shall be disposed of ; in short to enact all laws necessary for the protection of the rights and privileges guaranteed by the constitution and provide for the enforcement of the same.

This judgment against the surety is authorized by law, and the only question that can properly arise in relation to the point, is whether the law itself is in conflict with the provisions of the constitution. *Sec. 134, p. 518, Comp. Stat.*, provides, that " in all cases of appeal from a Justice's Court, if the judgment of the Justice be affirmed, or if, on trial anew in the District Court, the judgment be against the Appellant, such judgment shall be rendered against him and his sureties in the recognizance for the appeal." . And the following section provides, that " if upon an execution being issued upon such judgment, the principal shall not pay such execution, and the officer cannot find sufficient property of said principal to satisfy the same, such execution shall be enforced against the sureties, and the officer shall specify on his return by whom the money was paid, and the time thereof." And *Sec.* 136 provides that the surety shall have judgment against the principal for the amount so paid by him, with interest at twelve per cent.

We see nothing in these provisions inconsistent with the fundamental law. The law does nothing more than to provide the form or manner in which the agreement entered into by the surety shall be enforced. And the surety, in becoming a party to the bond, under the law as it then existed, as-

sents to and adopts these provisions for the enforcement of the contract he has entered into with the obligee of the bond. (*Heyward v. Judd*, 4 *Minn.*, 495.) The law has declared what liability the surety assumes in signing such a bond, to wit, that a judgment against his principal shall also warrant a judgment against him. In effect, it is making the judgment against his principal conclusive evidence of the liability of both upon the bond; and the surety, becoming voluntarily a party to the bond under the law, must be held to have assented to assume all the obligations imposed by the law then in force upon a party holding that relation. The principal is still liable, in the first instance, to satisfy the bond, and it is only upon default on his part to satisfy the judgment, that the property of the surety becomes liable. Practically, the provision only amounts to changing the *onus probandi* of showing a default on the part of the principal from the obligee to the obligor; for if the property of the surety was seized upon the execution issued upon the judgment, after the principal had satisfied the same, there can be no doubt but that the surety would be permitted to show the same, and restrain the officer by injunction, or have such other remedy as might be appropriate to the case. And if the principal does not satisfy the judgment, the surety has no ground of complaint, since the law only provides for enforcing a liability which the surety has voluntarily assumed.

This view of the case renders it unnecessary to inquire into the meaning attached by the framers of the constitution to the phrase, "due process of law," since if the party has himself authorized the process, whatever it be, he cannot be permitted to object to the same, and the authorities cited by Plaintiff in Error we think not applicable to the case at bar.

The judgment below is affirmed.