BRANCH *v.* WINFIELD.

Opinion delivered July 23, 1906.

1. RULE OF COURT—SUBMISSION OF BILL OF EXCEPTIONS TO OPPOSING COUNSEL.—It is a reasonable rule of practice in the circuit court to require bills of exceptions to be submitted to opposing counsel before being submitted to the judge. (Page 61.)

2. MANDAMUS—JUDICIAL DISCRETION.—Mandamus will compel a circuit judge to act when he should act and refuses, but will not be used to tell him how to decide a judicial question, such as settling a bill of exceptions. (Page 62.)

Original petition for mandamus; denied.

*John Hallum,* for petitioner.

*Carmichael, Brooks & Powers,* for respondent.

HILL, C. J. This is a petition for a writ of mandamus to compel the circuit judge to sign a certain bill of exceptions in the case wherein the appellants were the losing parties.

The petition alleges that the evidence was voluminous and conflicting, and that the instructions asked by appellants and refused by the court presented the question to be determined in this court; and that in pursuance of Rule 13 of this court they omitted from the bill of exceptions the evidence, and stated what the evidence tended to prove. The bill of exceptions prepared in this manner was presented to the judge for approval, and he refused to approve or sign the same until it had been submitted to opposing counsel. The petition states that he also required the bill of exceptions to be "O. K.' d" by opposing counsel before he would consider it. This, however, is not taken literally; but, taking all the allegations together, means that the judge would not consider a bill of exceptions until presented to opposing counsel;

and evidently did not mean he would only sign one approved by opposing counsel, for that would be abdicating his duty, and the record here does not bear that construction. The response of the judge simply rests upon the statement that the bill of exceptions was not correct. It is a reasonable and proper rule of practice to require bills of exception to be submitted to opposing counsel before being submitted to the judge, and this is especially true where, as in this case, the evidence is not set out in full, but statements made of what the evidence tended to prove.

The petitioners ask that the circuit judge be compelled by mandamus to sign the bill of exceptions which was tendered, and which the judge says is not correct. The judge required as a condition precedent that it be submitted to opposing counsel. This was a regulation of the practice of his court, and not a refusal to act which could be controlled by mandamus. Moreover, the court would not compel him to sign this particular bill of exceptions, but would, in an appropriate case compel him to sign a bill of exceptions; but whether the one presented is a correct one or not is a judicial question, not controllable by mandamus. Mandamus will compel a judge to act when he should act and refuses, but it will not be used to tell him how to decide a judicial question, such as settling a bill of exceptions. *Garibaldi* v. *Carroll*, 33 Ark. 568; *Gunn* v. *Pulaski County*, 3 Ark. 427; Ex parte *Williamson*, 8 Ark. 424; *McCreary* v. *Rogers*, 35 Ark. 298.

The petition for mandamus is refused.