## McBRIDE *v*. HON.

### Opinion delivered April 29, 1907.

MANDAMUS—JUDICIAL DISCRETION.—A motion to redocket a case which has been dismissed raises a judicial question the determination of which will not be controlled by mandamus.

Original petition for mandamus; writ denied.

*Edwin Hiner,* for petitioner.

*Ira D. Oglesby, Read & McDonough* and *Jo Johnson,* for respondent.

PER CURIAM. This is a petition for mandamus to compel the Hon. Daniel Hon, Judge of the 12th Judicial Circuit, to cause to be docketed upon the circuit court docket and set down for trial the case of Della McBride, administratrix, against P. Berman, D. J. Young and Al. Belt.

The case arose in this wise: Mrs. McBride brought an action against Mrs. P. Berman, P. Berman, D. J. Young and Al. Belt. The cause proceeded to trial against Mrs. Berman;

Berman, Young and Belt had gone out of the case on a demurrer. An appeal from the action of the court on the demurrer was taken to the Supreme Court, which was later dismissed. Mrs. McBride thereafter filed a motion stating that the appeal had been prematurely taken, and that the cause should properly be proceeding in the circuit court against Berman, Young and Belt, and asking that the case be docketed and set down for trial. The position of the petitioner is that the appeal was premature, that there would have to be a final judgment before the question could be reviewed in this court, and to that end she sought to proceed with the case to final judgment in the circuit court. To this motion to re-docket the case a response was filed, in which it was alleged that the action against Berman, Young and Belt had been voluntarily discontinued by the plaintiff, and that the plaintiff was not entitled to reinstate said suit and proceed therewith. An issue of law and of fact was raised, heard and determined by the circuit judge, who, after hearing the evidence, found that the acts and proceedings of the plaintiff had amounted to an abandonment of her cause of action against Berman, Young and Belt, and that in a civil action against joint defendants the plaintiff can not proceed against one defendant, and, after failing therein, turn and proceed against another defendant; and the petition to re-docket the case was denied. Now Mrs. McBride petitions this court to compel the circuit judge, through a writ of mandamus, to docket said cause and set the same for trial. The petition can not be sustained. The determination of the motion to docket the case was a judicial question. *Hempstead County* v. *Grave,* 44 Ark. 317; ex parte *Johnson,* 25 Ark. 614.

It is thoroughly settled that mandamus will not be used to tell a judge how to decide a case. Mandamus may compel a judge to act, or to enter a mandate commanded by a higher court; but where there is judicial discretion, that discretion can not be controlled by mandamus. *Collins* v. *Hawkins,* 77 Ark. 101; *Branch* v. *Winfield,* 80 Ark. 61, and numerous authorities cited in these two cases.

The writ is denied.