## MAXEY *v.* COFFIN.

### Opinion delivered March 14, 1910.

1. MANDAMUS—JUDICIAL DISCRETION.—While mandamus will lie against judicial officers to compel them to act, it will not lie to control their decisions. (Page 214.)

2. SAME—ALLOWANCE OF COSTS.—Where the circuit judge denied a motion to retax the costs in a case, the remedy of the aggrieved party is by appeal, and not by mandamus to compel the judge to allow the costs. (Page 215.)

Petition for mandamus; *Charles Coffin*, Judge; writ denied.

Petitioner, *pro se.*

There was no occasion for the exercise of discretion or official judgment, and mandamus is the proper remedy. 43 Ark. 62. The writ will issue whenever the refusal of an officer to act in a matter in which it is his plain duty to act may deprive one of his legal rights. 45 Ark. 121; Kirby's Dig., § § 5156 to 5161, inclusive; 35 Ark. 565; *Id.* 298; 33 Ark. 568; 26 Ark. 237.

HART, J. This is a petition for mandamus directed against the Hon. Charles Coffin, Judge of the Third Judicial Circuit.

The facts relied upon to obtain it are as follows: R. E. L. Maxey was convicted in the Stone Circuit Court for the crime of obtaining money under false pretenses. He appealed to this court, where the judgment was reversed on the ground that the evidence was not sufficient to support the verdict, and the case was remanded for a new trial. See *Maxey* v. *State*, 85 Ark. 499.

After the mandate from this court was filed in the circuit court Maxey moved the court to dismiss the case because more than one year had elapsed since the reversal of the case and the filing of the mandate in the circuit court. In the same motion he asked the court to retax the costs, claiming that he had expended $12.50 for printing briefs for the Supreme Court, and $50 for a transcript of the stenographer's notes to be used in his bill of exceptions on appeal. His motion was overruled by the court, and upon motion of the State the indictment was quashed, and the case resubmitted to the grand jury. Maxey has filed a petition in this court, setting out substantially the above facts, and asking the court to compel the circuit judge, through a writ of mandamus, to retax the costs as asked by

him, or to certify down to the county judge of Stone County the sum of $62.50, the amount claimed by him, as costs against the county in said case. The writ will be denied. It is well settled that mandamus will lie against judicial officers to compel them to act, but not to control their decisions. *McBride* v. *Hon,* 82 Ark. 483; *Branch* v. *Winfield,* 80 Ark. 61; *Collins* v. *Hawkins,* 77 Ark. 101; *Coit* v. *Elliott,* 28 Ark. 294.

Here the court did not refuse to act, but on the contrary did act by overruling Maxey's motion to retax the costs. In ruling on this motion the court did not act in a ministerial capacity, but exercised judicial functions. In determining the motion the circuit judge was called upon to decide two questions of law. First, whether rule 23 of this court, providing that the cost of printing the abstract and brief required by rule 9 shall be taxed against the losing party, applies to felony cases. Second, whether Maxey was entitled, under the act of March 16, 1897, to recover the amount paid by him to the court stenographer for transcribing his notes. The ruling of the court upon these questions was a judicial act; and if Maxey felt aggrieved by the judgment of the court, his remedy was by appeal.

Mandamus denied.