## CALLOWAY v. HARLEY.

### Opinion delivered April 20, 1914.

1. DRAINAGE DISTRICTS—ATTORNEYS' FEES—COLLECTION—REMEDY.—Where the county judge allowed attorneys' fees, and fees of an engineer for the formation, and survey of a drainage district, out of the funds of the district, the remedy of the appellants was by way of appeal, and not by mandamus to compel the county judge to order payment out of the county funds. (Page 561.)

2. MANDAMUS—NATURE OF WRIT.—Mandamus will not lie to control or review the exercise of the discretion of judicial officers, but can be invoked only to compel such officers to exercise such discretion and act. (Page 561.)

3. MANDAMUS—AWARD OF—APPEAL.—As a general rule a party applying for a writ of mandamus must show a specific legal right to its issuance, and also the absence of any other legal remedy; and mandamus will not be allowed to take the place of, or to usurp the functions of an appeal. (Page 561.)

Appeal from Clark Circuit Court; *C. W. Smith,* Special Judge; affirmed.

#### STATEMENT BY THE COURT.

These cases have not been consolidated, yet they involve the same questions and may be considered and decided together.

Calloway & Huie were the attorneys representing the petitioners in the formation of the Terre Noir Drainage District in Clark County, and the appellant Ayers was the engineer employed to make the preliminary survey. The proceedings for the establishment of the district were had under Act No. 279 of the Acts of 1909. The petition of the attorneys for mandamus was filed on September 2, 1913, and alleged that they presented to

the Clark County Court on April 3, 1912, a day of said court, a petition for the allowance of an attorney's fee of $500, for services rendered as attorneys for the drainage district, and the court allowed said fee, but instead of directing the clerk to issue a warrant, payable out of the county general fund, the court directed the clerk to issue the warrant payable out of the funds of the drainage district. The petition for mandamus further alleged, that, notwithstanding the drainage district had been established in 1908, no assessment of benefits had been collected on account of litigation in which the district had been engaged. Petitioners alleged they had repeatedly requested the county judge to issue them warrants payable out of the county general fund, but the judge had failed and refused to do so. Appellant, Ayers, alleged in his petition for mandamus which was filed the same day, that he held warrants amounting to $500, which had been issued to him as engineer of said district, and were made payable out of the funds of the said district, his warrants having been issued at the same term of court at which warrants for the attorney's fees were issued.

The demurrer interposed to each petition was sustained, and appeals have been duly prosecuted.

*Calloway & Huie,* for appellants.

1. Section 1 of the act of 1909, p. 831, gives the county court authority to make allowances for all preliminary expenses, including attorney's fees, and the remuneration of the engineer, which shall be paid out of the county general fund, and the county to be reimbursed out of the proceeds of the first assessment levied under the act.

Any other construction would tend to make the act inoperative because of the impossibility of devising means for the payment of *all* the *preliminary expenses* necessary for carrying out the intention of the Legislature.

As to the allowance of an attorney's fee, if the act of 1909 is not sufficient authority, it is supplied in the

general drainage law, Kirby's Dig., § 1424, last clause, and § 1435; 90 Ark. 219.

To make the warrant in each case payable out of the county general fund would not be unconstitutional. The same provisions in the general drainage law, Kirby's Dig., § § 1414-1450, have been repeatedly upheld. 86 Ark. 351.

2. Mandamus is the proper remedy. The direction to the clerk out of which fund to make the warrant payable, was purely ministerial. 44 Ark. 225; 54 Ark. 468.

*John H. Crawford,* for appellees.

1. Both as to the allowance of the attorney's fees and the engineer's remuneration, if the action of the county court was wrong, the parties should have appealed to the circuit court. Having failed in that, the judgments of the county court became final, both as to the amounts allowed and the fund out of which they were to be paid. Mandamus will be awarded only where other remedies fail. 101 Ark. 29. See, also, 95 Ark. 118; 1 Ark. 11; 26 Ark. 482.

2. There is no authority in the act of 1909 for the allowance of an attorney fee. Section 1 provides only for the payment of *"the expenses incident to the survey and the cost of publication."*

3. The work done by the engineer was not a preliminary survey within the meaning of the statute, as appears by the contract, which recites, "whereas, a former survey, plan and specifications of this improvement having been made, but the engineer making same is now dead," etc.

4. The effect of the drainage acts, relied on by appellants, is to lend the credit of counties to drainage districts, which makes them, in that respect, unconstitutional. Const. 1874, art. 16, § 1; *Id.,* art. 12, § 5; 52 Ark. 541.

SMITH, J., (after stating the facts). Appellee insists in his brief, in the case involving the attorney's fees, that the county court had no authority to order warrants reissued payable out of the county general fund,

and that the act of 1909, under which the proceedings for the establishment of the drainage district were had, makes no provision for the allowance of an attorney's fee, and that if such provision was made it would be unconstitutional. And in the case of the engineer the contention is made that the work done, as recited in the petition was not a preliminary survey within the meaning of the statute, and that the county court had no authority to reissue warrants payable out of the county general fund; and that if such provision was made, it would be unconstitutional. In both cases it is asserted that appellants should have apealed, if they felt aggrieved, from the action of the county court in ordering their warrant paid out of the funds of the drainage district, and in refusing to make them payable out of the county general revenue, and that, having waited more than seventeen months before instituting these proceedings to mandamus the county judge, they have lost their right of appeal and can not use this proceeding as a substitute for that right. We think this last position is well taken, and it will therefore be unnecessary to discuss the other grounds of demurrer. The action of the county in ordering the warrants paid out of the funds of the drainage district was a final order of that court, from which an appeal could have been taken at any time within six months, but not thereafter. Kirby's Digest, § 1487. Having a complete remedy by appeal they should have pursued it. In the case of *Rolfe* v. *Spybuck Drainage District No.* 1, 101 Ark. 29, it was said: "It is well settled that the remedy of mandamus will only be granted in unusual cases, where other remedies fail, and where there is a clear legal right thereto. Mandamus will not lie to control or review the exercise of the discretion of judicial officers, but such remedy can only be invoked to compel such officers to exercise such discretion and act. *Collins* v. *Hawkins,* 77 Ark. 101; *Branch* v. *Winfield,* 80 Ark. 61; *McBride* v. *Hon,* 82 Ark. 483; *Maxey* v. *Coffin,* 94 Ark. 214; *Garland Power & Development Co.* v. *State Board,* 94 Ark. 422. As a general rule, the party applying for a writ of mandamus

must show a specific legal right to its issuance, and also the absence of any other legal remedy. For it is a well settled principle that mandamus will not be allowed to take the place of, or usurp the functions of, an appeal. *Automatic Weighing Co.* v. *Carter,* 95 Ark. 118.''

The demurrers were properly sustained and the judgment in each case will be affirmed.