JUDD *v.* WILSON.

Opinion delivered November 17, 1930.

*John L. Crank,* for appellant.
*G. E. Morris* and *J. W. Barron,* for appellee.

BUTLER, J.   One Harris brought suit against the Old American Insurance Company in the municipal court of Pulaski County, where, from a judgment adverse to it, the defendant insurance company appealed to the circuit court and executed a bond superseding the judgment, as prescribed by § 6513 of the Digest, the appellant here executing said bond as surety.

In the circuit court the verdict was directed for defendant insurance company from which an appeal was prosecuted to this court where the judgment was reversed and the cause remanded for a new trial. *Harris* v. *Old American Insurance Co.,* 180 Ark. 1167, 21 S. W. (2d) 856.

On the trial anew, there was a verdict against the defendant, and on motion, a judgment was there rendered against it and against the surety, Loyd W. Judd. Said surety has prosecuted this appeal from that judgment and here contends, "First, that the court had no right to render a judgment of $400 against the appellant on a

summary proceeding on May 12, 1920; second, that the appellant, U. S. Harris, in Series 4, No. 1274, or his assignee, W. N. Wilson, should have exhausted their remedies under the law to enforce the judgment reversed by the Supreme Court, and had no legal right to resort to a summary judgment on the appeal bond from the municipal court to the circuit court."

Neither of the contentions of the appellant can be sustained. The bond executed by the appellant was for a sum sufficient to secure the payment of the judgment and the costs, and there is no showing made that the judgment rendered against the original defendant and the surety was in excess of the sum nominated in the bond. By executing the appeal bond, appellant made himself a party to the proceeding and was therefore constructively present at every step of the litigation, and must be deemed to have had notice of all the orders made and must be held to have assented to and have assumed all the obligations imposed by law upon a party signing as surety in such cases, one of which was, as provided by § 6531 of the Digest, that where on the appeal the judgment should be against his principal, judgment also should be rendered against him as the surety on the appeal bond. The undertaking on the part of the surety was a continuing obligation extending throughout the entire process of the litigation, his liability becoming consummate upon final decision against his principal.

"A provision frequently required and inserted in appeal bonds is one stipulating for the payment of the judgment, if affirmed. In the absence of other considerations, it is obvious on general principles that it is the final decision determining the rights of the parties which must be deemed to have been within the contemplation of the sureties, and they are liable for the payment of the judgment if finally affirmed although it was first reversed and then on a rehearing affirmed." 2 R. C. L., p. 312, § 269.

This court, in the case of *White* v. *Prigmore,* 29 Ark. 208, quoted with approval from *Davidson* v. *Farrell,* 8

Minn. 258, where in construing a statute similar to ours, that court said: "A law does nothing more than to provide the form and manner in which the agreement entered into by the surety shall be enforced. And the surety, in becoming a party to the bond, under the law as it then existed, assents to and adopts those provisions for the enforcement of the contract he has entered into with the obligee of the bond. * * * The law has declared what liability the surety assumes in signing such bond, to-wit: that a judgment against his principal shall also warrant a judgment against him. In effect, it is making the judgment against his principal conclusive evidence of the liability of both upon the bond; and the surety, becoming voluntarily a party to the bond under the law, must be held to have assented to assume all the obligations imposed by the law then in force upon a party holding that relation."

Therefore, there is nothing in the appellant's contention that the appellee should be required to exhaust his remedy against the principal before moving for judgment against him. Since this case originated in a municipal court created by act No. 87 of the Acts of 1915, §§ 6513 and 6531 of the Digest apply to this proceeding under the expressed provision of act 87, *supra;* and appellant's rights as against his principal are fully protected by § 6532 and § 6533 of the Digest. It follows that the decree of the court below was correct, and it is therefore affirmed.