CHAVIS *v.* GOLDEN, JUDGE.

5-910

290 S. W. 2d 637

Opinion delivered May 14, 1956.

[Rehearing denied June 18, 1956.]

*A. D. Chavis,* for petitioner.

*Max M. Smith,* for respondent.

ED. F. MCFADDIN, Associate Justice. This is an original proceeding for a writ of mandamus,[1] brought by Mr. and Mrs. A. D. Chavis (hereinafter called "petitioners") against the Honorable John M. Golden, Circuit Judge of the 10th Judicial District of which Cleveland County is a part.

The petitioners allege that since July 15, 1955 they have had pending in the Cleveland Circuit Court

---

[1] See Rules of this Court, effective January 10, 1954, concerning original proceedings, i.e. Rules 16 and 17.

their motion to vacate a summary judgment rendered against them, and that the Cleveland Circuit Court refuses to rule on said motion. The prayer is for a writ of mandamus to compel the Circuit Court to rule, one way or another, on the said motion. Honorable John M. Golden, Judge as aforesaid (hereinafter called "respondent"), replies, *inter alia,* (I) that a valid judgment was rendered against petitioners in the Cleveland Circuit Court on September 27, 1954, and they failed to perfect their appeal to the Supreme Court; and (2) that on July 11, 1955 he denied the motion to vacate the said judgment and that petitioners then sought to present the same motion by some form of amendment, which he refuses to permit.

The record[2] reflects that in 1953 J. D. Mitchell filed a replevin action against Sterling Watts in the Justice of the Peace Court of Van McKinney, Justice of the Peace in and for Rison Township, Cleveland County, Arkansas. The action was to repossess a 1949 model Ford truck from the defendant, Sterling Watts. Judgment was rendered in the Justice of the Peace Court in favor of the plaintiff, Mitchell; defendant, Watts, made a supersedeas bond, as provided for by § 26-1302 Ark. Stats.; and the bond was approved by the Justice of the Peace. The original bond has been brought before us by our order of *subpoena duces tecum,* and bears the undenied signatures of the petitioners as sureties.[3]

The case of *Mitchell* v. *Watts* was appealed to the Cleveland Circuit Court, wherein some questions were raised about the original replevin bond filed by Mitchell and the original cross bond or retaining bond filed by

---

[2] Aside from the pleadings and exhibits, the remainder of the record in this Court consists of copies of correspondence and of affidavits that have been filed without objection from either side.

[3] The bond reads in part: "Whereas, the defendant, Sterling Watts, has appealed from the ruling and judgment of Van McKinney, a Justice of the Peace in and for the Township of Rison, in the County of Cleveland, in an action between J. D. Mitchell, Plaintiff, and Sterling Watts, defendant: Now, if said Sterling Watts will prosecute his appeal with due diligence to a decision, and if, on such appeal, the judgment of the justice be affirmed, or if, on the trial anew in the Circuit Court, judgment be given against the appellant, he shall satisfy the judgment, or if his appeal be dismissed, he shall pay the judgment of the Justice, together with the costs of the appeal, this bond shall be void."

Watts; but the record does not disclose that anyone—prior to judgment in the Circuit Court—questioned the validity or sufficiency of the supersedeas bond signed by these petitioners as sureties for Watts. It is because these petitioners were sureties on this supersedeas bond that judgment was rendered against them in the Circuit Court. At all events, Watts, the client of A. D. Chavis, retained possession of the truck after the judgment of the Justice of the Peace, because of this supersedeas bond.

The replevin action of *Mitchell* v. *Watts* was tried to a jury in the Cleveland Circuit Court (respondent presiding) on September 27, 1954, and the verdict was against Watts. Thereupon—on the same day—the Court rendered judgment against Watts and against these petitioners, who were the sureties on his supersedeas bond. A. D. Chavis was present in court representing Watts when the judgment was rendered against the sureties. The correctness of such judgment against the sureties is to be discussed in Topic I, *infra*. Notice of appeal to the Supreme Court was given in regard to the judgment of September 27, 1954, but no appeal was ever perfected and the judgment became final.

Then, on June 30, 1955, the petitioners filed in the Cleveland Circuit Court their "Petition to Vacate a Void Summary Judgment," which stated, in effect, that a summary judgment was entered against the petitioners on September 27, 1954 and that the Court was in error in entering said summary judgment because the said A. D. Chavis and wife were not sureties on the "cross bond" of the defendant, Sterling Watts (the motion failed to mention in any respect the fact that Chavis and wife were sureties on the supersedeas bond). On July 11, 1955, the foregoing petition of Chavis and wife was heard in the Cleveland Circuit Court (respondent presiding), and the following order was made:

"Now on this day comes on for hearing the petition filed by A. D. Chavis and Alma Chavis, as sureties on bond for Sterling Watts, and comes the defendant, Max Smith, by his attorney, Jay W. Dickey, and the

court doth find that judgment was entered on the 27th day of September, 1954, on said bond in open court, in the presence of A. D. Chavis and other parties to the suit, and that no objection was made at that time, and that no appeal was taken therefrom, and thereafter, A. D. Chavis filed a petition requesting that execution be quashed, and same was denied; and further that the term of court has expired in which the denial was made, and this court does not have further jurisdiction of the matter. The court further finds that after said petition was denied, A. D. Chavis prayed an appeal to the Supreme Court of Arkansas from the order denying the motion to quash execution; and the Court finds that the said A. D. Chavis has failed to perfect his appeal, and that the petition filed herein should be dismissed.

"IT IS, THEREFORE, by the court considered, ordered and adjudged that the petition of plaintiffs filed herein be and the same is hereby dismissed."

Thereafter, on July 15, 1955 (four days after the above order) the petitioners filed a pleading entitled: "Amendment to Original Petition of Alma Chavis and A. D. Chavis to Vacate and Set Aside a Void Summary Judgment That Was Entered Against Them in the Above Case." This said pleading reiterated many of the matters contained in the pleading previously ruled on and contained this statement:

"That the Court agreed to hear the original petition herein, on the 11th day of July, 1955, at Rison, Arkansas, and both contending sides were present in court, ready for a hearing which was partially heard, then abruptly ended by the Court's verbal opinion that said summary judgment was founded upon and rested upon an old appeal bond made in a J. P. Court for appeal to the Cleveland Circuit Court, which appeal bond was made and fulfilled its mission in the perfection of that appeal from the J. P. Court to the Cleveland Circuit Court . . ."

The Cleveland Circuit Court (respondent presiding) refused to consider as filed the pleading of July 15, 1955; and then on August 5, 1955, the petitioners filed

a motion[4] in the Cleveland Circuit Court praying that the Court rule on the pleading of July 15th. The Cleveland Circuit Court refused to consider as filed this motion of August 5, 1955; and then the petitioners filed the mandamus proceeding in this Court. There are several ''side issues,'' but the foregoing recitals present the material facts and indicate the issues involved.

I. *The Liability of Sureties On A Supersedeas Bond Filed Under* § 26-1302 *Ark. Stats.* The determination of this point is the fundamental issue in the case. Petitioners say that the Cleveland Circuit Court had no right to render summary judgment against them on September 27, 1954, because, as sureties, they were entitled to ten days' notice before summary judgment could be entered, and they cite § 29-201 Ark. Stats., which requires ten days' notice to a surety before summary judgment can be rendered.[5] But petitioners are in error in this contention because § 29-201 is not the applicable Statute in a situation such as is here before us.

The petitioners filed a supersedeas bond in the Justice of the Peace Court in substantially the form stated in § 26-1302 Ark. Stats. We held in the case of *Judd* v. *Wilson,* 182 Ark. 729, 32 S. W. 2d 614, that one who signed such a supersedeas bond made himself a party to the proceedings and was, therefore, constructively present at every step of the litigation, and that a judgment against the principal warranted a judgment against the surety. So when Mr. and Mrs. Chavis signed the supersedeas bond in this case they, in effect, became parties to the litigation; and when judgment was rendered

---

[4] The motion of August 5th read: "Come Petitioners, Alma Chavis and A. D. Chavis, and file their motion for the court to pass on and enter an order, allowing or disallowing their original petition with their amendment thereto, for the vacating of a Summary Judgment entered against them, in the above Replevin suit, in which suit they were not parties, nor were they on any cross-bond in that suit,—which petition and amendment thereto were filed for separate relief, under § 27-907 of Arkansas Statutes of 1947, with all other relief asked for in their (petition) and the amendment to their petition, now pending."

[5] Even if petitioners were correct as to § 29-201 being the applicable Statute, still the record shows that Mr. Chavis was present in court on September 27, 1954 and did not claim the benefit of the 10-day Statute, so he might have waived it by such failure to object; but we rest our decision on the ground stated in the opinion.

against Watts, judgment could properly be rendered against the sureties without any further notice.

The bond did not serve its purpose merely to get the case from the Justice of the Peace Court to the Circuit Court, as the petitioners claim: rather the bond was a continuing obligation, and the judgment against the sureties is not governed by the summary judgment Statute, but is governed by the provisions of § 26-1302 Ark. Stats., as construed by this Court in the case of *Judd* v. *Wilson, supra.* That case settles the power and right of the Circuit Court to render judgment against Mr. and Mrs. Chavis on September 27, 1954. The judgment was not a summary judgment under § 29-201 Ark. Stats., as petitioners suggest, but was a judgment on the supersedeas bond under § 26-1302 Ark. Stats. and is governed by the holding in *Judd* v. *Wilson, supra.*

II. *The Limitations on Mandamus Proceedings.* We have many, many cases of this Court showing the limitations on the use of the writ of mandamus.[6] In *Jackson* v. *Collins,* 193 Ark. 737, 102 S. W. 2d 548, we held that mandamus could not be used to correct an erroneous decision already made. So if the petitioners herein thought that the judgment against them of September 27, 1954, was erroneous, they should have perfected their appeal to this Court. In *Calloway* v. *Harley,* 112 Ark. 558, 166 S. W. 546, we quoted from an earlier case:

" 'As a general rule the party applying for a writ of mandamus must show a specific legal right to its issuance, and also the absence of any other legal remedy. For it is a well settled principle that mandamus will not be allowed to take the place of, or usurp the functions of, an appeal. *Automatic Weighing Co.* v. *Carter,* 95 Ark. 118.' "

Again, in *Carter* v. *Marks,* 140 Ark. 331, 215 S. W. 732, in affirming the action of the Circuit Court which denied a writ of mandamus involving a Probate Court matter, we said:

---

[6] See West's Arkansas Digest "Mandamus", Key No. 1 et seq.

"Petitioner had a full year in which to perfect his appeal, yet, without complying with the requirements of the Statute by filing an affidavit for appeal, he waited until after the expiration of the year and then applied for a discretionary writ upon the ground that his year had expired and that he had no other adequate remedy."

So, here, the petitioners had the right of appeal from the judgment of September 27, 1954. They gave notice of appeal and specified the points, one of which was that the Court was in error in rendering the judgment against them; yet the petitioners suffered that appeal to lapse. Then when the Court made its ruling on July 11, 1955 denying the "Petition to Vacate a Void Summary Judgment," the petitioners had a right of appeal which they could have pursued; so they cannot claim now that they are entitled to a writ of mandamus.

In *McBride* v. *Hon*, 82 Ark. 483, 102 S. W. 389, the Circuit Court dismissed some defendants from the case on a demurrer; and thereafter the plaintiff sought to redocket the case against those defendants. The Circuit Court refused to re-docket the case, and the plaintiff brought mandamus proceedings in this Court, seeking to require the Circuit Court to rule on the motion to reinstate. We said:

"Now Mrs. McBride petitions this court to compel the circuit judge, through a writ of mandamus, to docket said cause and set the same for trial. The petition can not be sustained. The determination of the motion to docket the case was a judicial question. *Hempstead County* v. *Grave*, 44 Ark. 317; ex parte *Johnson*, 25 Ark. 614."

In the case at bar the Circuit Court ruled on the petitioners' motion on July 11, 1955. The attempt to file an amendment and seek another ruling was really an attempt to have the case re-docketed, and this the Circuit Court refused to do because he had already ruled on the motion.

The petition for writ of mandamus is denied.