CHAVIS *v.* MITCHELL.

5-1131                                    297 S. W. 2d 660

Opinion delivered January 14, 1957.

*A. D. Chavis,* for appellant.

*Hendrix Rowell,* for appellee.

PAUL WARD, Associate Justice.   This appeal comes from an order of the Jefferson County Circuit Court dismissing a complaint filed by appellants, Alma and A. D. Chavis, against several defendants, appellees herein, including a Circuit Judge and two attorneys.

The complaint is long and involved (covering 40 pages in the record), contains no prayer for relief, and details no acts of misconduct or wrong doing on the part of any defendant.   It does contain a general statement to the effect that the defendants had conspired in previous litigation to deprive appellants of their money and property.   We gather from the complaint that this is the last (to date) of a series of efforts to avoid paying a judgment rendered against them in the Circuit Court of Cleveland County, Judge Golden (one of appellees) presiding.   The complaint is a full recapitulation of all the legal procedure preceding and following the rendition of the judgment just mentioned.

Most of the essential facts relative to said litigation are set out in our opinion in the case of *Chavis* v. *Golden,*

*Judge,* 226 Ark. 381, 290 S. W. 2d 637, and need not be repeated here.

If any of the appellees have done anything in connection with all this litigation other than what was done in open court or in accordance with approved legal practices, the complaint fails to point it out.

Fortunately for all concerned, however, appellants have clearly and succinctly defined the issues to be resolved by us on this appeal. We quote from their brief.

''There are but two questions or issues involved in this case, except the damages caused thereby:

1. Were the plaintiffs herein sureties on said cross-bond?

2. Is the summary judgment against the plaintiff, A. D. Chavis, and his wife, Alma Chavis, valid and legal, as against them?

Upon these two questions rest the rights of the plaintiffs herein, and by and through these two issues, the plaintiffs herein, sustained the damages asked for in this suit.''

The decision in the *Golden* case, *supra,* forces us to resolve both of said issues against appellants' contentions.

1. Appellants are in error in assuming or supposing that the original judgment rendered against them was based on a cross-bond. The *Golden* case shows conclusively that said judgment was based on a *supersedeas* bond which appellants had signed. This court there said: ''It is because these petitioners were sureties on this *supersedeas* bond that judgment was rendered against them in the circuit court.''

2. Again appellants are in error in assuming that the original judgment against them was a *summary* judgment. Once more the *Golden* case makes it clear that the judgment was not a summary judgment and, further, that it is a valid and legal judgment against appellants. In the cited case this court said: ''The judgment (against appellants) was not a summary judgment

under Section 29-201 Ark. Stats. as petitioners suggest, but was a judgment on the *supersedeas* bond . . ." We also said: "So if the petitioners herein thought that the judgment against them . . . was erroneous, they should have perfected their appeal to this court."

In view of the above we see no occasion for further extending this opinion or this litigation.

Affirmed.

CARLETON HARRIS, C. J., not participating.