COKING COAL, INC.; ST. PAUL FIRE & MARINE INSURANCE COMPANY *v.* ARKOMA COAL CORPORATION

82-253                                      641 S.W.2d 25

Supreme Court of Arkansas
Opinion delivered November 8, 1982

*George Pike, Jr.* and *Claiborne C. Crews* of *Friday, Eldredge & Clark,* for appellant.

*J. Michael Shaw,* for appellee.

JOHN I. PURTLE, Justice, dissenting. I dissent from the majority which denied without opinion appellants' appeal and motion for supersedeas on the judgment. I would grant the supersedeas pending the hearing of the case on its merits by this court.

On October 20, 1978, Coking Coal, Inc. filed action, No. E 78-181, against Arkoma Coal Corporation in the Chancery Court of Johnson County, Arkansas. St. Paul Fire & Marine Insurance Company executed a bond on behalf of Coking which obtained a temporary restraining order. This bond

was in the amount of $10,000 conditioned upon payment of damages which Arkoma might sustain as a result of the temporary restraining order. St. Paul filed a second bond on December 15, 1978, in Case No. E 78-181 which bond was in the amount of $50,000 conditioned that it would pay all damages and costs which might be adjudged against Coking arising out of the action therein pending.

July 14, 1982, the trial court entered a judgment against Coking in the above-styled case in the amount of $274,891.98. Pertinent parts of the judgment state:

> By virtue of the bond in the amount of Fifty Thousand Dollars ($50,000) dated December 15, 1978, St. Paul Fire & Marine Insurance Company is jointly and severally liable with Coking Coal, Inc. for the damages sustained by Arkoma Coal Corporation as a result of Coking Coal, Inc.'s breach of contract, said liability of St. Paul Fire & Marine Insurance Company being limited to the sum and amount of Fifty Thousand Dollars ($50,000.00).

> The Temporary Restraining Order entered herein against Arkoma Coal Corporation on October 24, 1978 and subsequently made permanent as reflected by the Court's docket entry of November 14, 1978, was wrongfully issued. The Restraining Order should, therefore, be dissolved. As a result of the wrongful issuance of the Restraining Order, the Defendant, Arkoma Coal Corporation, has sustained damages in the amount of Three Thousand Six Hundred Fifty-six and 76/100 Dollars ($3,656.76).

> IT IS, THEREFORE, BY THE COURT, CONSIDERED, ORDERED, ADJUDGED AND DECREED . . . that Arkoma Coal Corporation be granted judgment against Coking Coal, Inc. in the amount of Two Hundred Seventy-four Thousand Eight Hundred Ninety-one and 98/100 Dollars ($274,891.98), plus costs. Coking Coal, Inc. and St. Paul Fire and Marine Insurance Company are jointly and severally liable for Fifty-Three Thousand Six Hundred Fifty-six and

76/100 Dollars ($53,656.76) of this Judgment and Coking Coal, Inc. is solely liable for the balance . . .

St. Paul Fire & Marine Insurance Company attempted to file a supersedeas bond for the amount of the judgment against it and Coking jointly and severally. The trial court rejected this bond because it was less than the total judgment. The matter was brought here on expedited appeal and pursuant to a motion for supersedeas pending appeal of the case on its merits.

Article 7 § 4, Constitution of Arkansas, grants this court authority to issue supersedeas orders. *Williams* v. *Buchanan*, 84 Ark. 404, 106 S.W. 202 (1907). When the justice of the case requires it, this court will issue a writ of supersedeas to preserve the status quo pending an appeal on the merits. *Nashville Lumber Co.* v. *Corbell*, 84 Ark. 596, 106 S.W. 677 (1907). The execution of a bond renders the guarantor a party to the proceedings. *Judd* v. *Wilson*, 182 Ark. 729, 32 S.W.2d 614 (1930). In *Judd* we stated:

> By executing the appeal bond, appellant made himself a party to the proceeding and was therefore constructively present at every step of the litigation, and must be deemed to have had notice of all the orders made and must be held to have assented to and have assumed all the obligations imposed by law upon a party signing as surety in such cases, one such was, as provided by § 6531 of the Digest, that where on the appeal the judgment should be against his principal, judgment also should be rendered against him as the surety on the appeal bond. The undertaking on the part of the surety was a continuing obligation extending throughout the entire process of the litigation, his liability becoming consummate upon final decision against his principal.

The *Judd* opinion went on to state that such bonds are usually considered to hold for the payment of the judgment, if affirmed.

In the case of *Goodin* v. *Goodin,* 240 Ark. 541, 400 S.W.2d 665 (1966), this court stated:

> Ordinarily, a writ of supersedeas is obtainable as a matter of course with respect to a judgment for damages in a contract or tort action. In that situation the appellee is adequately protected by a supersedeas bond guaranteeing that his judgment, if it is affirmed, will be paid in full, with interest and court costs.

In the case of *Aeschlimann* v. *Presbyterian Hospital,* 165 N.Y. 296, 59 N.E. 148 (1901), the court stated:

> It seems to be well established, as a general rule, that a surety may defend an action against his principal, may set up any legal or equitable defense which would have availed to the former, and may establish it by proof . . . We are aware of no principle of law which would justify us in holding that the sureties upon such a bond were bound by an exaggerated and false claim, and in an action to which they were parties were debarred from showing the truth in regard to it, although their principals did not see fit to defend. Such a doctrine would open the door for fraud and collusion between contractors and subcontractors, by which sureties might be made liable for a claim which did not exist. We think no such principle can be sustained.

From the above citations it is obvious that the appellant or petitioner in this case is a party to the action and may defend upon any grounds which his principal might have defended. This, of course, includes an appeal.

The appellee relies upon the case of *Rudolph* v. *Cassidy,* 225 Ark. 951, 286 S.W.2d 489 (1956). In *Rudolph* the plaintiff had obtained a judgment in the sum of $30,000. The defendant/appellant attempted to supersede $25,000 of this judgment. The $25,000 represented the amount of liability insurance which she had. It seems to me the two cases are quite different inasmuch as in *Rudolph* there was an attempt to supersede only a part of the judgment. In the case before us the attempt is to supersede all of the judgment rendered against St. Paul. In *Rudolph* we took notice of the fact that the carrier was not a party to the litigation. That is not the case before us because the judgment is rendered

jointly against St. Paul and Coking. Even so, in *Rudolph* we stated:

> If the insurance carrier were a party to this suit and seeking to make a bond only for the amount for which it could be held liable under the terms of its policy there might be good grounds for permitting it to do so, but the insurance company is not a party.

Therefore, I think the cases are readily distinguishable.

It seems to me that we are dealing with two separate judgments included in one document. It is quite clear that the judgment against St. Paul is a definite and fixed amount and is separable from the balance of the judgment. Therefore, justice and public policy demand that St. Paul be given its day in court in order to determine whether it is liable on the bonds it executed in this case.

HAYS, J., joins in this dissent.