WILLIAMS *v.* BUCHANAN.

Opinion delivered November 25, 1907.

APPEAL—INCUMBENCY OF OFFICE—SUPERSEDEAS.—As it is contrary to public policy that the incumbency of a public office should be changed by the decision of an intermediate court so long as an appeal to the Supreme Court is being prosecuted in good faith, where the incum-

bent of a public office appeals from a judgment of the circuit court ousting him therefrom and tenders a supersedeas bond, the Supreme Court will grant a supersedeas staying the execution of the judgment until the hearing of the case or the further orders of the court.

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; motion to quash supersedeas denied.

*C. V. Teague. J. P. Clarke,* and *R. G. Davies,* for appellant.

*Wood & Henderson* and *Greaves & Martin,* for appellee.

PER CURIAM. This is a motion filed by appellant to discharge the supersedeas and place in force the judgment of the Garland Circuit Court purporting .to oust Williams from the office of sheriff and to induct Buchanan therein, and giving judgment in favor of Buchanan for the emoluments of the office enjoyed by Williams to the date of the judgment; from which judgment Williams has appealed to this court.

Appellee contends that the judgment of the Garland Circuit Court ousting Williams from the office of sheriff cannot be superseded; and that if the judgment is capable of being superseded the conditions of the bonds are defective, and a bond should be given properly conditioned to fit the nature of the judgment.

Appellant contends that the statute (sections 2860, 2864, Kirby's Digest), pursued in this action, only authorizes a judgment finding the result of the contest, as a basis for the revocation of the commission of the officer, and does not authorize a judgment of ouster or for the emoluments of the office.

Thus it is seen that this controversy goes beyond the mere matter of supersedeas, and reaches to the nature of the judgment itself. The case should not be determined by piecemeal; and the consideration of the nature of the judgment, and, consequently, the effect of the supersedeas bond, will be postponed until the consideration of the cause on the merits. It is contrary to public policy that the incumbency of a public office should be changed by the decision of the intermediate courts, so long as an appeal is being diligently prosecuted in good faith to a final hearing in the Supreme Court.

Aside from any question of the supersedeas bond staying the transfer of the office pending the hearing of the appeal, the

judgment should be superseded until the merits of the case can be determined. Under the authority granted by article 7, § 4, of the Constitution to this court to issue writs of supersedeas, a supersedeas is hereby ordered to issue staying the execution of the judgment in question until the hearing of the case in this court or the further orders of the court.

When the court exercises this power as a matter of public policy, it is proper that the case be speeded to a hearing, and the court of its own motion hereby advances this case as one of public interest, and will set it down for hearing at an early date. Counsel on the opposing sides are requested to agree upon a date for submission as early as possible. If they fail to agree, then the court will fix a date.