STRANGWAYS *v.* RINGGOLD.

Opinion delivered February 3, 1913.

1. DRAINAGE DISTRICTS — APPEAL — JURISDICTION OF CIRCUIT JUDGE. — When a landowner appeals to the circuit court from an order of the county court establishing a drainage district under Act No. 221 of the Public Acts of 1911, page 193, the circuit judge has jurisdiction to make an order in vacation restraining the commissioners of the drainage district from taking any steps in the organization of the district, during the pendancy of the appeal. (Page 435.)

2. SAME—SAME—SAME.—An appeal from an order of the county court establishing a drainage district does not operate as a stay of proceedings on the judgment appealed from, but Act No. 221 of the Public Acts of 1911, which provides: "No appeal herein provided for shall be allowed to delay the organization of the district or the progress of the work of improvement," does not impair the power of the circuit court, or judge thereof in vacation, to make orders, in the exercise of its appellate jurisdiction, as are necessary to protect the rights of the parties to the litigation. (Page 435.)

Certiorari to Lonoke Circuit Court; *Eugene Lankford,* Judge; affirmed.

*Trimble, Robinson & Trimble* and *J. A. Watkins,* for petitioner.

If the allegation in the application for the restraining order that the judgment of the county court is self-executing is true, the circuit court was probably correct in issuing the order, but if it is not true, the order was erroneous. We think the case of *Reese* v. *Steel,* 73 Ark. 66, is decisive of this case against respondent's contention.

*G. W. Hendricks,* on the brief, and *T. E. Hendricks,* in oral argument, for respondent.

The circuit court has the right and the power conferred on it by the Constitution and the statutes, to issue a restraining order under the conditions and circumstances prevailing in this case. Art. 7, § 14, Const.; Kirby's Dig. § § 1314, 1317, 1318, 1319, 1523. And *Reese* v. *Steel,* 73 Ark. 66, sustains respondent's contention.

PER CURIAM: The county court of Lonoke County made an order, pursuant to the statutes of the State concerning the organization of drainage districts and proceedings thereunder, establishing the Jack Bayou Drainage District. The petitioners herein were appointed commissioners of the district. The respondent, T. G. Ringgold, who is a land owner in the district, appealed to the circuit court from the order of the county court establishing the district, and the appeal was granted under the section of the statute which provides that "any owner of real property within the district may appeal from said judgment within twenty days after the same has been made." Act 1911, page 196. After the transcript of the county court proceedings had been lodged in the office of the clerk of the circuit court, respondent presented to the circuit judge in vacation his petition praying that an order be made restraining the commissioners, during the pendency of the appeal, from taking any further steps in the organization of such drainage district; and on hearing of the petition the circuit judge made an order in accordance with the prayer thereof. The commissioners have brought the record here by certiorari for review.

They insist that the circuit judge had no power to make said order and that the same is void.

The question presented here is, not whether the order was improvidently made, but whether it is void for want of jurisdiction.

No authority is given in the drainage statute for superseding a judgment of the county court pending an appeal to the circuit court, and the general statutes regulating supersedeas on appeal from judgments and orders of county courts do not apply to judgments of this character, for the reason that the kind of bond provided is not applicable. *Reese* v. *Steel,* 75 Ark. 66. If authority exists at all it must be found in the general powers of the circuit court, or the judge thereof, to direct a stay of proceedings in order to preserve the *status quo* pending the appeal. There is a statute which provides that cir-

cuit courts and the judges thereof shall have power to issue all writs, orders and process which may be necessary in the exercise of their jurisdiction, according to the principles and usages of law. Kirby's Digest, § 1523.

In *Reese* v. *Steel, supra,* which was a county seat removal case pending on appeal in the circuit court, this court said:

"The Constitution confers on the circuit courts appellate jurisdiction of, and superintending control over, county and other inferior courts, and gives the circuit judges in vacation power to issue, hear and determine all necessary writs to carry into effect this jurisdiction and control. Under these provisions the circuit judge was acting within his jurisdiction in staying the proceedings until the appeal is heard."

The power of the circuit court, in the exercise of its appellate and supervisory jurisdiction, and that of the judges thereof in vacation, is plenary to make any necessary orders concerning the subject-matter of litigation to preserve its *status quo* in order to fully protect the rights of the parties during the pendency of the appeal. This principle is recognized in the case of *Williams* v. *Buchanan,* 84 Ark. 404, where this court, in the exercise of its appellate jurisdiction, ordered a stay of proceedings under a judgment in an election contest.

The question, whether or not the judgment of the circuit court is self-executing, does not control the determination of the right to a stay of proceedings, for a self-executing judgment may be stayed and the situation as fixed by the judgment appealed from remain unchanged.

There is another provision of the drainage statute which provides that "no appeal herein provided for shall be allowed to delay the organization of the district or the progress of the work of improvement." This means that the appeal itself does not operate as a stay of proceedings in the judgment appealed from, but it does not impair the power of the circuit court, or the judge thereof, in vacation, to make such orders, in the exercise

of its appellate jurisdiction, as are necessary to protect the rights of the parties.

Our conclusion is, that the order made by the circuit judge was clearly within his power. The prayer of the petition for writ of certiorari is, therefore, denied, and the judgment is affirmed.