HEDRICK *v.* HICKMAN, COUNTY JUDGE.

5-709                                    280 S. W. 2d 406

Opinion delivered June 27, 1955.

*Clifton Bond,* for appellant.

*John F. Gibson,* for appellee.

GEORGE ROSE SMITH, J. At a local option election held on August 7, 1954, Bradley County apparently approved prohibition by a vote of 2,001 to 1,673. Certain wets unsuccessfully contested the election in the county court and were also unsuccessful upon appeal to the circuit court. The circuit court's order of affirmance, entered February 22, 1955, permitted the judgment to be superseded pending an appeal to this court. That appeal was recently lodged here but is not yet ready for submission.

The case at bar is an allied proceeding by which several drys sought in the circuit court a writ of mandamus to compel the county court to enter an order declaring the result of the election and terminating the sale of intoxicants within the county. The circuit court, on the same day that it decided the election contest, denied the petition for mandamus.

On the merits the question is whether the filing of a contest can suspend the effect of a local option election until the contest is decided. It cannot be doubted that such a suspension was contemplated by the Thorn Liquor Law of 1935. By that act the county board of election commissioners was required to certify the election result to the county clerk. The clerk was directed to keep the certificate until the next regular term of the county court, when it became the duty of the county judge to have the certificate spread of record in his court. Ark. Stats. 1947, § 48-809. Ordinarily the dry law then became effective at the expiration of sixty days from the recording of the certificate. § 48-810. If, however, a contest were filed the law directed that the certificate not be recorded. § 48-820. It was also declared that contests should be governed by the laws applicable to the contest of any election of county officers. *Ibid.* The statutes so referred to permit appeals to be taken with or without supersedeas. § 3-1204. Thus under the procedure adopted in the Thorn Liquor Law the institution of a contest suspended the effective operation of the election, not only by the withholding of the certificate from the public records but also by the authorization of writs of supersedeas on appeal.

The appellants contend that the cited provisions of the 1935 statute have been repealed by Initiated Act No. 1 of 1942, which contains this sentence: "The County Court within twenty days after said election shall make and have entered of record its order declaring the result of said election." Ark. Stats., § 48-802. It is urged by the appellants that this sentence fixes a maximum period of twenty days within which the outcome of the election must be given effect, whether or not a contest is pending.

We are not willing to say that the 1942 initiated measure repealed by implication the plain terms of the 1935 law. In addition to the settled rule that repeals by implication are disfavored, the initiated act itself declares that it shall be cumulative to the liquor laws already in force. Ark. Stats., § 48-806. A conclusion of implied repeal would require either a finding that the later statute had covered the entire subject anew or a finding of irreconcilable conflict between the two statutes.

Neither finding can fairly be made in this instance. The Thorn law, by its own provisions and by its reference to other statutes, laid down a complete procedure for the conduct of local option election contests. By contrast the initiated act does not even mention such contests, much less undertake to re-cover that field in its entirety.

Nor does there exist such a conflict that both acts cannot be given their proper effect. Under the older law even if no contest were filed the newly adopted dry law did not go into effect until sixty days after the opening of the next term of court, which might involve altogether a delay of several months. The sentence in the initiated act now relied upon by the appellants reduced this period, in the absence of a contest, to a maximum of twenty days. To that extent the new law certainly supplants the old. But there is no compelling reason to think that this clause was intended to extend also to the matter of election contests—a subject which the initiated act does not purport to touch. In a closely contested contest, where the margin of victory consists of only a few votes, the appellants' construction of the statutes might result in a county alternating between a wet and dry status as the case progressed in four stages from the county board to this court. "It is contrary to public policy that the incumbency of a public office should be changed by the decision of the intermediate courts, so long as an appeal is being diligently prosecuted in good faith to a final hearing in the Supreme Court." *Williams* v. *Buchanan,*

84 Ark. 404, 106 S. W. 202. Here the asserted repugnancy between the two statutes is not sufficiently clearcut to require a finding of implied repeal.

Affirmed.