PARKER *v.* HENDRIKS.

5-3571                                   393 S. W. 2d 251

Opinion delivered June 7, 1965.

[Rehearing denied September 20, 1965.]

*Arnold & Hamilton,* for appellant.

*N. L. Schoenfeld,* for appellee.

FRANK HOLT, Associate Justice. A local option election was held in Ouachita County on November 6, 1962 with results being certified in favor of prohibition. The election was promptly contested by certain wets. When the issue reached this court we dismissed the wets' appeal by a per curiam order on October 12, 1964. Their petition for rehearing was denied and our mandate was issued on November 10, 1964 and filed with the Ouachita County Circuit Clerk on November 12, 1964. The county remained wet while the election contest was pending in the courts because the filing of the contest suspended

the election results. *Hedrick* v. *Hickman,* 225 Ark. 273, 280 S. W. 2d 406; Ark. Stat. Ann. § 48-826—7—8 (Repl. 1964).

On November 3, 1964 another local option election was held in Ouachita County and the result this time was declared in favor of the wets. Thereupon the drys, appellants, promptly filed an election contest which is still pending in the Ouachita County Court. Following this the prosecuting attorney advised that as a result of the present contest the county was dry effective November 12, 1964, the date of the receipt and filing of our mandate in the previous contest, and that the various alcoholic beverage dealers in the county had sixty days in which to dispose of their stock. The appellees, the wets, then filed a petition for a declaratory judgment in the Ouachita Chancery Court and the appellants intervened. The Chancellor heard the case on stipulated facts and decreed that since it was duly certified that a majority had voted for the manufacture and sale of alcoholic beverages in the November 1964 election, that such election was determinative of the issue before the court and, therefore, the county was wet pending the outcome of the present election contest in view of Act 212 of 1957 [Ark. Stat. Ann. § 48-826—7—8 )(Repl. 1964)].

On appeal appellants contend for reversal that the trial court erred in holding that the filing of the election contest by them did not suspend the result of the November 1964 election pending the final determination of the contest. We must agree with the appellants.

The case of *Hedrick* v. *Hickman, supra,* is controlling in the case at bar. There the basic issue was the same as now presented. The drys had apparently won a local option election and the wets contested the election. The wets contended that their contest suspended the election results. We agreed and in determining this contention we said:

*"On the merits the question is whether the filing of a contest can suspend the effect of a local option election until the contest is decided. It cannot be doubted that*

such a suspension was contemplated by the Thorn Liquor Law of 1935. By that act the county board of election commissioners was required to certify the election result to the county clerk. The clerk was directed to keep the certificate until the next regular term of the county court, when it became the duty of the county judge to have the certificate spread of record in his court. Ark. Stats. 1947, § 48-809. Ordinarily the dry law then became effective at the expiration of sixty days from the recording of the certificate. § 48-810. If, however, a contest were filed the law directed that the certificate not be recorded. § 48-820. It was also declared that contests should be governed by the laws applicable to the contest of any election of county officers. Ibid. The statutes so referred to permit appeals to be taken with or without supersedeas. § 3-1204. *Thus under the procedure adopted in the Thorn Liquor Law the institution of a contest suspended the effective operation of the election, not only by the withholding of the certificate from the public records but also by the authorization of writs of supersedeas on appeal.''* [Emphasis added]

However, appellees forcefully argue that Act 15 of 1955 and Act 212 of 1957 have the effect of superseding *Hedrick* v. *Hickman, supra* (1955) and the pertinent statutes construed therein. We have carefully considered both acts and neither affects our decision in that case. Act 15 of 1955 merely restricts local option elections to the general election date every two years and expressly states it is cumulative to initiated Act No. 1 of 1942 which was considered by us in *Hedrick* v. *Hickman, supra*. Act 212 of 1957 [Ark. Stat. Ann. § 48-826—7—8] merely provides that when a local option election is favorable to the drys the retail dealers shall have sixty days to dispose of their stock after the final determination of the result of the election and that a final determination, when the election is contested, means the date of the issuance of the mandate by the court finally determining the election contest. So it must be said that there is nothing expressly or by implication in this act which repeals the election laws governing local option contest procedure as construed by us in *Hedrick* v. *Hickman, supra*. Neither act

covers anew the entire subject considered by us in that case. Nor are these two acts in irreconcilable conflict with the statutes on the subject before us.

Appellants also contend that pursuant to Ark. Stat. Ann. § 48-827 Ouachita County became legally dry not later than November 10, 1964, the date of the issuance of the mandate of this court finally determining the November 1962 election contest between the wets and the drys.

However, for good cause shown it is directed that an immediate mandate be issued and that appellees be allowed sixty days from the date of the issuance of this mandate in which to dispose of their stock. This does not prejudice the right of appellees to file a petition for rehearing.

The decree is reversed and the cause remanded with directions to enter a decree not inconsistent with this opinion.

Reversed and remanded.